SARAH J. JACKSON, DEFENDANT IN CERTIORARI, v. ERIE RAILROAD COMPANY, PLAINTIFF IN CERTIORARI.

Submitted July 2, 1914—Decided October 9, 1914.

1. An order of the Court of Common Pleas, made under the Employers' Liability act based upon disputed questions of fact, will not be set aside.
2. Dependents in that act mean dependent for the ordinary necessaries of life, one who looks to another for support or help.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutor, *Collins & Corbin.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

BLACK, J.  This writ brings under review an order of the Passaic Court of Common Pleas, made on the 18th day of December, 1912, under which the plaintiff in *certiorari* was ordered to pay the petitioner the sum of $6 per week for a period of three hundred weeks, under the act of the legislature approved April 4th, 1911 (*Pamph. L., pp.* 134, 763), known as the Employers' Liability act. The record shows that Sarah J. Jackson, the petitioner, was a sister of Walter H. Jackson, who suffered injuries, from which he died on July 24th, 1912. The trial court found, as a fact, that the deceased was at the time of the accident in the employ of the Erie Railroad Company, also, the petitioner was *partially* dependent upon the deceased, her brother. The record shows that the judge making the order had evidence before him which amply supports the order in these two particulars; hence this court will not set the order aside, on either of these grounds, viz., that at the time the deceased was killed, he was not in the employ

of the Erie Railroad Company, or that the dependency of the petitioner on the deceased was not proved. On the first ground it is argued that as the deceased, when injured, was employed on a work train on the Ringwood branch of the Erie Railroad Company, the cars used were owned by the Wilson & English Company, an independent contractor, for hauling gravel and sand in building a new branch for the Erie Railroad Company, but the contract between the two companies was not put in evidence, nor the exact relationship between the two companies shown. In order to bring the case within the principle of *Delaware, &c., Railroad Co.* v. *Hardy,* 59 *N. J. L.* 35, the plaintiff in *certiorari* must show that the servant has, in fact, consented to the transfer of his services to the new master and accepted him as his master *pro hac vice,* that he has entered upon the service and submitted himself to the direction and control of the new master, but this was not shown. On the second ground, it is urged, because the statute provides *"actual dependents"* (*Pamph. L.* 1911, *p.* 139) and *"no dependents."* The court having found the petitioner "partially" dependent, the word "actual" does not include "partial;" we cannot adopt this construction; dependents in these statutes mean dependent for the ordinary necessaries of life, one who looks to another for support or help; if partially dependent, they must necessarily be actually dependent.

The judgment is affirmed.