ESTHER BURNS, RESPONDENT, v. THOMAS A. EDISON,
PROSECUTOR.

Submitted December 5, 1918—Decided February 18, 1919.

1. Whether an agreement to pay the statutory compensation for
   death under the Workmen's Compensation act should be in writ-
   ing to satisfy the statute of frauds, in view of the provision that
   compensation is terminated by death of a dependent or remar-
   riage of a widow, *quære*.

2. The procedure for recovery of compensation under said act is
   not applicable to cases where the suit is to enforce the terms
   of an agreement to pay stipulated sums, made after the acci-
   dent.

3. An agreement to pay compensation, made after the accident, is
   evidential of the occurrence of an accident and of the right to
   recover compensation therefor, but not conclusive evidence nor
   an ·estoppel to disprove the accident, if made within a year
   thereafter; and in a compensation suit it is error to exclude
   proof in denial of the occurrence of the accident, simply be-
   cause of the existence of such an agreement.

On *certiorari* to award in matter of workman's compensa-
tion.

Before Justices PARKER and MINTURN.

For the prosecutor, *Kalisch & Kalisch*.

For the respondent, *Arthur B. Seymour*.

The opinion of the court was delivered by

PARKER, J. The principal difficulty in this case arises out
of the fact that though the petition for compensation counted
on a fatal accident alleged to have arisen out of and in the
course of the employment of petitioner's husband, the proof
was confined to an alleged agreement for compensation be-
tween petitioner and one Henderson, conceded to have been
the authorized agent of the employer, prosecutor. Prosecu-
tor's counsel on the hearing undertook to show by testimony

that death had not occurred by reason of any such accident as claimed, but by reason of an occupational disease. The court overruled the offer on the ground that the agreement estopped the employer from showing such facts, because it had been accepted and acted on and the statutory year had run, so that (as he held) a claim based purely on the accident was barred. It is not quite clear whether the award was based on the agreement as a contract or on a right of action under the statute of which the contract was evidential; but the question of limitation was apparently the factor which decided the court in favor of a binding estoppel and led to the exclusion of the evidence. In either event, however, there was harmful error which requires a reversal.

The course of the proceeding was as follows: The petition, filed September 27th, 1917, counted on an accident occurring September 2d, 1915, over two years previously, and alleged that about October 1st, 1915, an agreement had been made between petitioner, as widow, in behalf of herself and one child, for a weekly payment of $6.06 during the three hundred weeks prescribed in the statute (*Pamph. L.* 1911, *p.* 139, ¶ 12; *Pamph. L.* 1913, *p.* 302; *Pamph. L.* 1914, *p.* 499); that thereunder payments were made for seventy-eight weeks and then ceased, and prayed an award of compensation. The answer set up, in addition to denial of the accident and of the agreement, that the contract if made was one not to be performed within a year and was not in writing. The finding of the court on the facts was that deceased was at the time in question in the employ of prosecutor earning $15.15 per week; that he sustained an accident, describing it as in the petition, and that said accident arose out of and in course of his employment; that it resulted fatally; that prosecutor had due notice, &c., and awarded $6.06 for three hundred weeks less moneys already paid. The award makes no mention at all of any agreement as a basis of recovery.

At the trial the only proof was, in addition to formal matters, that deceased worked for prosecutor at the time of his death; that a claim for compensation was made and an oral agreement entered into for compensation, under which

certain payments were made. Petitioner's counsel offered certain letters which are now claimed to take the agreement out of the statute, and rested, declining to go into proof of the actual occurrence of an accident, frankly stating to the court that it was a question of occupational disease, and it was possible that petitioner could not recover anything, and stating his theory of the case to be that "the court order compensation paid in accordance with the agreement entered into between the parties." The court demurred to this, but, after a considerable colloquy, reached the result already stated on the ground of estoppel, and without specifically ruling either that the recovery could be on the agreement or must be on the proved facts of accident. The formal finding, as we have just said, is predicated solely on the accident.

We do not find it necessary to decide the rather interesting question whether the statute of frauds is operative. The letters relied on by petitioner as writings to satisfy the statute do no more than indicate inferentially that there is some arrangement between the parties for payment of money, but no terms of such arrangement can be gathered from them. On the other hand, it may be that the complete performance of the contract was not necessarily to be within a year. True, the payments are primarily for three hundred weeks; but the act says (paragraph 11) that in case of death of any dependent within that period, or remarriage of a widow, his or her right to compensation shall cease. Hence, if the agreement was to pay according to the requirement of the statute, and not absolutely for three hundred weeks, the case might be within the rule in *Eiseman* v. *Schneider*, 60 *N. J. L.* 291. As just stated, we do not decide the point.

Taking the theory of a suit purely on the contract, we are of opinion that the Court of Common Pleas could not entertain such a claim under the Compensation act. It was held by the Court of Errors and Appeals, in the very recent case of *Holzapfel* v. *Hoboken Manufacturers' Association, ante p.* 193, that an agreement such as that claimed to exist in this case may be sued on in the Supreme Court, and we suppose as a corollary, in any court of ordinary common law

jurisdiction, but necessarily under common law procedure, including the right of jury trial which is not a feature of the Compensation act. The only contract supporting a petition under the Compensation act is that conclusively presumed by the statute from the fact of employment, which is, that in case of accident within the terms of the statute there shall be compensation. True, a later agreement to pay is unquestionably evidential of the right to compensation, and has the effect of avoiding the one-year limitation in certain cases. *Dupont Powder Co.* v. *Spocidio,* 90 *N. J. L.* 438. But the right of recovery rests on the contract presumed by the statute to have been made at the time of employment, and often recovery is had not only apart from a later contract but in spite of it. *Pamph. L.* 1913, *p.* 302, ¶ 20; *Holzapfel Case, supra.*

On the other hand, viewing the case as a suit for compensation under the statute based on proof of accident, as the formal record indicates it was treated, the court clearly erred in excluding proof that no accident had occurred. This, of course, went to the root of the case, and the estoppel theory is untenable. As we have just seen, the existence of an agreement subsequent to the alleged accident, and within the one-year period, as in this case, voids the limitation. *Dupont* v. *Spocidio, supra; Benjamin & Johnes* v. *Brabban,* 90 *N. J. L.* 355; *affirmed, post p.* 508. The agreement testified to, so far as concerned the occurrence of an accident arising out of and in the course of employment, was evidential, but nothing more. Like any admission out of court, it could be qualified or contradicted by parol evidence. *Wigm. Ev.,* § 1058. See *Gibbons* v. *Potter,* 30 *N. J. Eq.* 204; 31 *Id.* 374. If defendant could have shown to the satisfaction of the court, as he offered to do, that no accident in fact occurred as claimed, the defence to a compensation suit would have been perfect, whatever might have been the right of recovery at common law on the agreement as a compromise and settlement of a disputed claim.

The judgment will be reversed and the cause remanded for a new trial, in order that the essential facts may be determined on proper evidence.