Suit was brought by plaintiff, John Koske, in the Hudson County Circuit Court, under the Federal Employers' Liability act, against the defendant, the Delaware, Lackawanna and Western Railroad Company, for personal injuries, and resulted in a verdict and judgment for *Page 628 
ten thousand ($10,000) dollars. It is alleged and admitted that plaintiff was in the employ of defendant, a common carrier engaged in interstate commerce, as a sandman and switchman. While so engaged, plaintiff, in the course of his employment, about four o'clock in the morning of June 4th, 1925, was injured by falling into a hole or ditch between certain tracks in defendant's railroad yard, in Hoboken. Plaintiff predicates liability and negligence of defendant, upon the allegation that it failed to provide a reasonably safe place for him, in the performance of his duties, in that it permitted said ditch or hole to remain in an open, uncovered, unlighted and dangerous condition, so that plaintiff, while alighting from an engine, fell into said opening, and received painful and permanent injuries to the veins of his right leg, and to his left shoulder and ribs, which also caused a recurrence of a previous rupture, that had been practically cured at the time of this accident. He alleges that, by reason of such injuries, he has suffered, and will suffer, great pain; that he was and will be prevented from carrying on his usual occupation, and that he has been put to great expense in an effort to heal himself of said injuries.
The defendant denies any negligence, and alleges contributory negligence and assumption of risk by plaintiff as the proximate cause of his injuries, and the trial was concerned with these matters. After the verdict, a rule to show cause for a new trial was allowed to defendant, as to damages only, reserving its exceptions taken at the trial, and this rule was later discharged.
Defendant now appeals and specifies six grounds for reversal. The first four deal with objections to question permitted to be answered by a medical expert. The last two deal with the refusal to nonsuit or direct a verdict for the defendant. These grounds are therefore argued under these two heads.
First, as to the admission of certain questions put to Dr. Cropper. In substance, the doctor was asked, what subjective symptoms were declared to him by the plaintiff. He was permitted to answer, and then express his opinion as to plaintiff's condition, by basing such opinion, in part at least, upon *Page 629 
such symptoms and statements. The objection thereto is, that the witness was not the family physician, and plaintiff did not go to him for treatment, but apparently for examination as to his condition, for the purpose of testifying later. It is urged that the admission of this testimony violated the rule laid down inConsolidated Traction Co. v. Lambertson, 60 N.J.L. 452. The syllabus in that case reads:
"The declarations of a person as to his symptoms, made to a physician or surgeon, not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion, to which he may testify as a witness for the declarant in a suit brought by him for personal injuries, are not admissible in evidence, at the instance of the declarant."
The opinion of Mr. Justice Dixon in that case pointed out that declarations made to a physician for the purpose of leading him to form an opinion thereon, to which he may testify as a witness, lack credibility beyond that of hearsay, because self-interest becomes a motive for distortion, exaggeration and falsehood; while such declarations made by a patient seeking treatment, or remedy, possess an incentive beyond the ordinary obligation to tell the truth. The rule of the Lambertson case is thus a rule for exclusion of such testimony.
On the other hand, where the element requiring such exclusion is lacking, this court has adopted a different rule. In the case of State v. Gruich, 96 N.J.L. 202, speaking of such evidence generally, it was said:
"While the witness, not an expert, can testify only to such exclamations and complaints, as indicate present existing pain and suffering, a physician may testify to a statement or narrative given by his patient, in relation to his condition, symptoms, sensations and feelings, both past and present. In both cases these declarations are admitted from necessity, because in this way only can the bodily condition of the party, who is the subject of the inquiry, and who seeks to obtain damages, be ascertained. But the necessity does not extend to declarations by the party as to the cause of the injury, which is the principal subject-matter of inquiry, and which may be proved by other evidence." *Page 630 
Dr. Cropper, to whom these questions were put, stated that he was simply asked to examine the plaintiff, and report on his condition. Upon the objection being pressed, the court said: "Under the circumstances, if the doctor says he came as a private patient, and he was asked to make an examination for the purpose of telling what was the matter with him, I will permit the question, and give you an exception," and the witness continued "That is what he wanted to know." The examination was not further pursued as to the purpose of the consultation, nor was the plaintiff himself interrogated in that regard, nor is there any affirmative proof of a purpose to obtain the doctor's testimony for use at the trial. The objection here made seems based upon suspicion rather than evidence of improper purpose. The trial court, therefore, committed no error in this regard.
The second point raised is the refusal of the trial court to grant a nonsuit, or to direct a verdict for defendant. The argument, however, is directed to the state of the proofs, at the conclusion of the case. The reasons advanced for reversal are — (1) that the proximate cause of plaintiff's injuries was due to his sole negligence; (2) that he assumed the risk of his injuries; (3) that there was no credible evidence of negligence on the part of the defendant, and (4) that the evidence as to aggravation of pre-existing conditions was too uncertain to justify submission to the jury with respect to damages. It requires no extensive review of the evidence to dispose of these points.
The first three reasons are predicated upon the proofs, that plaintiff had worked, for many years, in all parts of the railroad yard, and knew of the existence of the drain or ditch, some eight to ten inches deep, into which he fell. That it had remained in practically the same condition during his employment, and that he had frequently traversed the particular region, where he was injured, in the course of his work of riding engines, and jumping on and off such engines as he attended to the throwing or turning of switches. This knowledge, it is contended, makes him solely responsible for his injuries. There was, however, other evidence produced by the plaintiff, which the jury were required to weigh, in deciding *Page 631 
the question of negligence. It appeared that this ditch was narrow, small in area, compared to the yard itself; that it followed a meandering course, running under the tracks at different places; that it was open, uncovered and unlighted, at least, in the vicinity of the accident. All this is quite apparent from the photographic exhibits. The plaintiff further shows that the accident occurred about four o'clock in the morning, when he jumped off an engine, in order to run forward and turn a switch; that it was dark, and the ground appeared to be level, where he jumped; that he did not see any hole there, and that he had to move quickly towards the switch and thus fell into the ditch. If the jury believed his story, they would be justified in finding, under the circumstances and surrounding conditions, that he was not negligent in acting as he did, and that he had a right to assume the place to be safe, when nothing to the contrary was visible.
In the case of Rogers v. Roe Conover, 74 N.J.L. 615, Chief Justice Gummere said:
"It is not the obviousness of the physical situation or condition that charges the servant with the assumption of the risks which arise from it, but the obviousness of the dangers which the physical condition or situation produces."
It cannot be said, as a matter of law, that plaintiff was chargeable with such a knowledge of danger existing at the time and place, and under the conditions and circumstances here shown, that he consciously assumed the risk of injury. His general knowledge of the existence of the ditch, and its unguarded condition, running through the yard in places, but not occupying much space, at any particular spot, called for no more than reasonable care for his own safety, in observing his immediate surroundings, with respect to danger as well as the conditions present permitted. Riley v. Jersey Leather Co., 100 N.J.L. 300,303.
Here, therefore, the jury was justified in finding the plaintiff free from negligence or assumption of an obvious risk, and also in finding the defendant to be negligent in not providing some guard, or covering, or sufficient light to render the condition visible at night. Furthermore, even if the jury may have deemed plaintiff negligent to some degree, that does *Page 632 
not constitute a defense under the federal statute, but goes only to the quantum of damages.
The only other reason urged, is the sufficiency of the evidence, as to aggravation of a pre-existing hernia, to permit its consideration by the jury, as an element in assessing damages. The objection is based upon the adverse medical testimony of defendant's witnesses, and is an argument as to its weight against that of the plaintiff, which is not proper matter for consideration upon appeal. In addition, the amount of damages was passed upon adversely to defendant, on the application for a new trial. It may not be amiss, however, to call attention to the fact that plaintiff and his wife testified to such aggravation, and that the hernia was practically healed prior to the accident, and that the general condition of the plaintiff before that was good. Dr. Cropper also testified to his progressive deterioration between two examinations, and the jury was permitted a physical inspection of the plaintiff.
Finding no error in the record, the judgment will be affirmed, with costs.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, VAN BUSKIRK, McGLENNON, DEAR, JJ. 9.
For reversal — PARKER, KATZENBACH, CAMPBELL, LLOYD, WHITE, KAYS, HETFIELD, JJ. 7.