ELEANOR M. LeGRAND, BY HER NEXT FRIEND, EDNA LeGRAND, AND EDNA LeGRAND, INDIVIDUALLY, PROSECUTORS, v. HUBBARD & LANGE AND AMERICAN MUTUAL INSURANCE COMPANY, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Grosso, Brundage & Anderson*.

For the defendants, *McCarter & English*.

PER CURIAM.

The matter arises on rule to show cause why a writ of *certiorari* should not issue to review a finding of facts and determination of the Middlesex Common Pleas, reversing an award made by the workmen's compensation bureau in favor of the prosecutors. The single ground presented by the prosecutors is that "the finding of the Middlesex Common Pleas that there is no proof that the inhalation of coal gas fumes by the decedent, Horace R. LeGrand, was the cause of pneumonia from which he died, was erroneous and was not justified by the record." The precise words of the court were: "There is no direct statement that the coal gas was the cause of the condition from which the decedent died, namely, pneumonia * * *." We consider that that expression was literally correct in this sense, that there was no competent testimony that the decedent had inhaled coal gas. The testimony of the attending physician was: "The history, as I got it from Mr. LeGrand, was that * * * he was suddenly overcome by a sudden or unexpected gush of hot furnace fumes which he inhaled." We do not understand that the rule permitting a doctor to testify to statements made to him by a patient makes such testimony evidential of the alleged facts of an accident.

However that may be, the court's expression with which fault is found is in a preliminary memorandum and not in the "determination and rule for judgment." It is of the latter that the rule before us asks for a review.

The "determination and rule for judgment" finds that "there was testimony concerning coal gas being present in the room where the said boiler was situated and it was argued by counsel for the petitioner that this was the cause of the condition from which the decedent died, namely, pneumonia.

The proofs are not sufficient to support this argument and petitioners have failed to sustain the burden imposed upon them, by law, of establishing by a fair preponderance of the evidence, the fact that decedent's death was caused by an accident arising out of and in the course of his employment."

An examination of the testimony brings us to the same conclusion as that reached by the court below. We find no reason for allowing a writ and the rule is therefore dismissed, with costs.