HELEN HELMINSKY, PETITIONER-APPELLANT, v. FORD MOTOR COMPANY, RESPONDENT.

Argued May 16, 1933—Decided September 27, 1933.

For the appellant, *Aaron A. Melniker* (*Frank W. Heilenday,* of counsel).

For the respondent, *Walter X. Trumbull.*

The opinion of the court was delivered by

TRENCHARD, J. John Helminsky (hereinafter called decedent) was employed by the Ford Motor Company (hereinafter called employer) at their plant in Kearny, New Jersey. He died on November 3d, 1929. Thereafter his widow (hereinafter called the petitioner) filed a petition under the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134) claiming compensation. The workmen's compensation bureau made an award in her favor. That award was affirmed by the Hudson Common Pleas Court. The latter judgment, on *certiorari,* was reversed by the Supreme Court, and the petitioner appeals.

The claim was based upon the allegation that the decedent's death, on November 3d, 1929, resulted from an accident, on April 26th, 1929, arising out of and in the course of his employment; which allegation was denied by the employer who contended that there was no accident or injury to decedent at its plant, and that his death was due to tuberculosis.

There was evidence to the effect that, when decedent returned home from his work on the night of April 26th, 1929, his right testicle was swollen and he was running a temperature; that he sent for a physician who found the condition

mentioned; that thereafter he was not "very well" but worked from time to time; that meanwhile it was ascertained that he had "tuberculosis of the chest," and he was sent to a hospital. The autopsy at the time of his death on November 3d, 1929, disclosed that he died of tuberculosis of the testicle.

In the courts below, and here, for proof of an accident in the employer's plant the petitioner relied mainly on the testimony of the attending physician that decedent told him that "he fell against the wheel in the Ford plant while he was working there."

The Supreme Court said, and we think rightly, that such testimony was clearly illegal.

The pertinent rule is that, in a workmen's compensation case, the employe's attending physician's testimony that the employe told the physician that he received injury in an accident at the employer's plant is inadmissible to establish such alleged accident, and cannot be made the basis of an award.

The general rule in this state is that statements made by an injured person to his physician for the purpose of treatment and diagnosis, such as statements relating to his symptoms and feelings, are admissible in evidence; but that statements made to the attending physician as to the cause of the injury, or as to the place wherein the injury occurred, are inadmissible and should be rejected by the trial court. *State v. Gruich, 96 N. J. L. 202; 114 Atl. Rep. 547.*

That rule has been followed in workmen's compensation cases, not only in this jurisdiction, but elsewhere. In this state in the case of *LeGrand* v. *Hubbard & Lange, 8 N. J. Mis. R.* 470; 150 *Atl. Rep.* 575, the rule was recognized and applied. In the case of *Gilbey* v. *Great Western Railway Co., 3 Butterworth's W. C. C.* 135, the Court of Appeals of England held that: "Statements made in the absence of his employer, by a deceased man, as to his bodily or mental feelings are admissible, *but those made as to the cause of his illness are not admissible in evidence,* and as there was no other evidence of an accident arising out of and in the course of the employment than these statements, the award could not be supported." This was followed by the same tribunal in

*Amys* v. *Barton* (1912), 1 *K. B.* 40, another compensation case. In the Amys case, the County Court judge admitted a statement made to the doctor ten days after the accident: "Amys told me he was threshing wheat and must have disturbed a wasps' nest, as wasps were about, and one stung him, and that he sat down and unloosed his buskin and took a dead wasp off his stocking." In commenting upon this testimony, Cozzens-Hardy, M.R., said: "The view of this court as to the admission of a statement of that kind has been expressed in a form which is binding upon us in the case of Gilbey *v.* Great Western Railway Co., where we said that statements made by a deceased man as to his bodily or mental feelings are admissible, but that those made as to the causes are not admissible in evidence."

On this point the petitioner relies upon the case of *Wilhelmi* v. *American Railway Express Company,* 6 *N. J. Mis. R.* 674; 142 *Atl. Rep.* 555, affirmed by this court only and because of an equally divided court. 106 *N. J. L.* 610; 146 *Atl. Rep.* 198. But that case is not an authority for the proposition that evidence that the employe told the physician that he received an injury in an accident at his employer's plant is admissible. Certainly the Supreme Court's opinion did not so hold, and there was no opinion in this court. The Supreme Court opinion in the Wilhelmi case, it will be noticed, relied upon the case of *Koske* v. *Delaware, &c., Railroad Co.,* 104 *N. J. L.* 627; 142 *Atl. Rep.* 43, wherein Judge McGlennon, speaking for this court, approved the rule declared in *State* v. *Gruich, supra,* and quoted therefrom this: "While the witness, not an expert, can testify only to such examination and complaints, as indicate present existing pain and suffering, a physician may testify to a statement or narrative given by his patient, in relation to his condition, symptoms, sensations and feelings, both past and present. In both cases these declarations are admitted from necessity, because in this way only can the bodily condition of the party, who is the subject of the inquiry, and who seeks to obtain damages, be ascertained. *But the necessity does not extend to declarations by the party as to the cause of the injury, which is the principal subject-*

*matter of inquiry, and which may be proved by other evidence."* Moreover, it will be noticed that in the case of LeGrand *v.* Hubbard & Lange, above cited, decided approximately two years after the Wilhelmi case, the Supreme Court, in passing upon the same question, said: "We do not understand that the rule permitting a doctor to testify to statements made to him by a patient makes such testimony evidential of the alleged facts of an accident."

While the workmen's compensation bureau is not bound by technical rules of evidence, it must ascertain parties' substantial rights from competent evidence; and while hearsay testimony may be received by the workmen's compensation bureau without necessarily resulting in reversal, it cannot, as here, form the basis of an award of compensation. *Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307.

In the present case the Supreme Court found as a fact, "even assuming the admissibility of the doctor's testimony," which it regarded "as illegal in so far at least as it indicated an accident occurring in the course of the employment of the deceased, and considering the testimony of the fellow workmen to the effect that no accident occurred, combined with the fact that the death was due to tuberculosis," that "the award was clearly against the weight of the evidence."

Since, as we have indicated, the doctor's testimony was illegal, in the respect indicated herein, it necessarily follows that the finding of the Supreme Court, which was amply supported by competent evidence, should not be disturbed. For the rule is that this court will not reverse the Supreme Court's judgment on fact findings in a workmen's compensation case, where it is supported by competent evidence. *Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307.

Lastly the petitioner argues that the employer is estopped from denying that decedent's death was due to an accident at the employer's plant.

As we see it, this contention has for its only basis the fact that the employer, without any agreement or award for compensation, paid decedent in his lifetime $120 for the time

he lost at intervals after he first ceased work until his death seven months later. But the fact that such payments were made does not estop the employer from denying that decedent's death was due to an accident at its plant in the later compensation suit. *Burns* v. *Edison,* 92 *N. J. L.* 288; 105 *Atl. Rep.* 717.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.