NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BART DESPOSITO, PETITIONER, v. AMERICAN LATHING COMPANY, OR IN THE ALTERNATIVE VROMAN & MAHIEU, INCORPORATED, AND SCHULSTADT COMPANY, RESPONDENTS.

Decided April 21, 1938.

For the petitioner, *Nathan Rabinowitz.*

For the respondent American Lathing Company, *John Taylor.*

For the respondent Vroman & Mahieu, Incorporated, *Cox & Walburg.*

\*        \*        \*        \*        \*        \*        \*

I find and determine as follows:

1. The petitioner testified that he was notified at the office of the union to which he belonged that he was to report to St. Joseph's School for employment as a metal lather. On the morning of August 10th, 1937, he reported at the job to a Mr. Braedell whom he knew as the lathing foreman and this foreman told him what to do on this first day of work and while taking metal laths to the roof he stepped on a piece of wood and ran a nail into his foot. He stated he was employed by Mr. Braedell whom he knew as foreman of the Schulstadt Company. He further stated he received his orders as to his work from Mr. Braedell, he did not work after the accident and received his money for the half day's work but does not know who paid it because he received it

at the union office. He stated he reported the accident to Mr. Braedell and received medical attention thereafter for the condition of his foot.

2. On his behalf Dr. Cortese testified from an examination made by him and estimated there was a permanent disability of five per cent. of the foot.

3. On behalf of the respondent Schulstadt Company, Dr. Finke testified from an examination made by him in which he stated that he found no permanent disability.

4. On behalf of the respondent Vroman & Mahieu, Incorporated, Mr. Mahieu testified that he did not employ the petitioner, did not pay the petitioner and did not have anything to do with the petitioner's employment or work. He testified that his company was the general contractor on the job, made contracts with the Schulstadt Company for the lath work and plaster work. On the return of the contracts he noticed that the American Lathing Company appeared as the party on the contract for the lath work and the Schulstadt Company appeared as the party on the plaster work. He stated that during the course of the work there arose an argument as to a certain portion of the lath and plaster work at the roof and he told Mr. Schulstadt to do that work and send a bill for it.

5. Mr. Braedell was called by the respondent Schulstadt Company, who testified that he was metal lathing foreman for the American Lathing Company and that Vroman & Mahieu, Incorporated, had come to him to borrow a lather. He testified that the day before the accident he put four men doing roof lathing work and in order to make sure that he would not be short of men on the following day he called union headquarters for another man and on the morning of August 10th the petitioner reported to him at eight o'clock in the morning ready for work. He stated that he showed the man what was to be done and turned him over to Mr. Vroman. He further stated that he engaged the petitioner the morning of August 10th, and expected after the roof lathing job was done to continue the petitioner in his employment.

6. The respondent Schulstadt Company produced Mr.

Schulstadt as a witness. He testified that the American Lathing Company was not a corporation nor a partnership but was a name under which certain business was done in Passaic county for labor reasons. He testified that the American Lathing Company was a part of the Schulstadt Company and that he carried workmen's compensation insurance. He further testified he paid the petitioner his wages for the part time which the petitioner worked and received reimbursement when final payment was made under the contract which he had with Vroman & Mahieu, Incorporated. He testified to a payroll which record was marked in evidence.

At the conclusion of the petitioner's case a motion was made by the respondent Vroman & Mahieu, Incorporated, for a judgment of dismissal and that motion was renewed at the end of the entire case. On the question of employment in this case I find and determine as follows:

1. From the testimony of the petitioner and circumstances under which he obtained employment he was employed by the Schulstadt Company on the morning of August 10th, 1937. He was employed by that company working on the job either under that name or under the name of the American Lathing Company since as Mr. Schulstadt said the American Lathing Company is really a part of the Schulstadt Company, the employment was legally by the Schulstadt Company. It further appears that there was an argument about certain roof lathing to be done on the job and Vroman & Mahieu, Incorporated, asked the Schulstadt Company to either do that work or supply men to do that work. It further appears that the foreman for the American Lathing Company, in order not to be short-handed with lathers, had instructed the union headquarters to send a lather to the job on August 10th, 1937. The petitioner appeared in response to that request and reported to the foreman, Mr. Braedell. It further appears that the petitioner was carried on the payroll of the Schulstadt Company for August 10th, 1937, and paid by Mr. Schulstadt. According to the petitioner, as far as he knew of his employment, he was employed by and working for the Schulstadt Company on August 10th,

1937. I find as a fact that the petitioner was employed by the Schulstadt Company on August 10th, 1937, and received his wages from the Schulstadt Company for the work which he did on that day. The request to the union headquarters for the petitioner's services was made by a foreman of the Schulstadt Company and in response to the request so made the petitioner reported to work and the employment was confirmed by the foreman of the Schulstadt Company.

It appears that under the case of *Rongo* v. *R. Waddington & Sons*, 87 *N. J. L.* 395; 94 *Atl. Rep.* 408, that on the basis of the original employment in this case the Schulstadt Company is properly deemed to be and I so find as a fact the employer of the petitioner. See, also, *Collawn* v. *25 North Harrison Street*, 11 *N. J. Mis. R.* 44; 165 *Atl. Rep.* 91.

If it were considered that after the original contract of employment were made on the morning of August 10th, 1937, the petitioner had been loaned to Vroman & Mahieu, Incorporated, still the obligation of the Schulstadt Company to the petitioner to respond under the Workmen's Compensation act of New Jersey, would not be avoided. *Furey* v. *Thompson-Starrett Co.*, 1 *N. J. Mis. R.* 176; *Jackson* v. *Erie Railroad*, 86 *N. J. L.* 550; 91 *Atl. Rep.* 1035.

It is, therefore, on this 21st day of April, 1938, ordered that the petition as against the respondent Vroman & Mahieu, Incorporated, be dismissed and judgment be entered in favor of the respondent Vroman & Mahieu, Incorporated.

JOHN C. WEGNER,
*Deputy Commissioner.*