New Jersey Department of Labor,
Workmen's Compensation Bureau.

ZACK MILLER, PETITIONER, v. NATIONAL CHAIR CO.,
ET AL., RESPONDENTS.

Decided February 28, 1941.

For the petitioner, *David Roskein*.

For the respondent, *George Meredith*.

\*     \*     \*     \*     \*     \*     \*

This case involves an accident which occurred on June 24th, 1938, at the plant of the Federal Furniture Company at Elkin, North Carolina. At the beginning of the trial it was stipulated that the liability feature of the case would first be decided and if decision thereon was favorable to petitioner testimony would then be introduced touching on the disability question.

At the conclusion of the petitioner's case on question of liability motions were made by the respective counsel of the Federal Furniture Company and the Liberty Mutual Insurance Company for dismissal of the petition as to them which was granted as petitioner's proofs failed to establish liability on the part of either of these respondents. The case then proceeded to final conclusion against the respondents National Chair Company and New Jersey Manufacturers Casualty Insurance Company.

The undisputed facts in the case are that in January of 1937 the petitioner became an employe of the National Chair Company at a salary of $40 per week, which some six months later was increased to $45 per week and that this latter contract was made at the plant in New Jersey and in January, 1938, the petitioner was sent by the president thereof to prepare for the opening of a new plant at Elkin, North Carolina. On March 25th, 1938, the Federal Furniture Company was incorporated under the laws of the State of North Carolina. One Marcus Schachter was the president and dominating person in both these companies. Petitioner continued working for both these companies until June 24th, 1938, when the accident in question occurred which resulted in his present disability. The said Marcus Schachter later died as a result of an automobile accident he was involved in on July 14th, 1938.

Petitioner in his own testimony stated that at the time of his employment by the National Chair Company he was told by the president thereof, the said Marcus Schachter, that he would be the employe of this concern no matter where he might work. He further testified that at no time was he notified by anyone that he was the employe of the Federal Furniture Company. Canceled checks and payroll records introduced by the petitioner show that he was paid his weekly salary by the National Chair Company and carried on its payroll records as late as July 14th, 1938.

Respondent in putting in its defense introduced many letters and other documents received or sent by the petitioner from the plant of the Federal Furniture Company in North Carolina and also a check in the sum of $183.15 of that con-

cern issued to petitioner on July 1st, 1938, and entered on the Federal Furniture Company payroll records as wages of $185 less a deduction of $1.85 for "Federal Old Age Pension Tax." Respondent also introduced testimony by one Frank A. Hildebrand who described himself as a former superintendent of the Federal Furniture Company at its North Carolina plant who stated that he was informed by said Marcus Schachter that he was the boss of petitioner and had the right to direct his work and to fire him. This conversation, however, he admitted was not in the presence of petitioner. He further testified that he never discharged or attempted to discharge petitioner. The petitioner in rebuttal denied that Mr. Schachter had ever told him that said Hildebrand was to be his boss or had the right to discharge him. Respondent also introduced into evidence the record of the North Carolina Industrial Commission which discloses that a report of the accident was made to said commission who thereupon assumed jurisdiction of the case and proceeded to authorize the payment of compensation and medical expenses pursuant to the agreement voluntarily executed under North Carolina laws by the employer therein denoted, Federal Furniture Company, the employe, Zack Miller, and the insurance carrier, Liberty Mutual Insurance Company. Under the terms of this agreement said Miller was paid by said insurance carrier sixteen weeks temporary compensation at the weekly rate of $18. Payment of compensation under said agreement was then terminated because of the subsequent refusal of said Miller to submit to medical treatment as directed.

At the conclusion of trial on the question of liability respondent moved for dismissal of the petition on the grounds that the proofs supported a finding that petitioner at the time of the accident was the employe of the Federal Furniture Company and not the respondent National Chair Company under an implied contract of hire if not an actual one, and on the further ground that petitioner is estopped from bringing a claim for compensation in this state because of the undisputed fact that he first filed a claim with the North Carolina Industrial Commission, which thereupon took juris-

diction of the same and authorized payment of compensation to petitioner by the insurance carrier of said Federal Furniture Company.

A careful review of the evidence does not lead me to the conclusion that an implied contract of hire, as contended by respondent, has been shown to have replaced the original contract of hire in existence between petitioner and respondent which latter contract is not denied to have been made in New Jersey some time prior to the accident. To establish such fact it would be necessary to show that the petitioner had in fact consented to the transfer of his services to the new master and accepted him as his master *pro hac vice* and that he had entered upon the service and submitted himself to the direction and control of the new master. *Jackson* v. *Erie Railroad Co.,* 86 *N. J. L.* 550; 91 *Atl. Rep.* 1035. No direct proof was offered by respondent to show that petitioner had in fact consented to the transfer of his services to the Federal Furniture Company but seeks to raise an inference of his consent in its introduction of various documents and letters received and sent by him at the plant of the Federal Furniture Company. Similar exhibits were introduced by petitioner to show that affairs of the Federal Furniture Company were also administered by him at the plant of the respondent in New Jersey, and these circumstances do not warrant an inference of his acceptance of a new contract of hire in the service of the Federal Furniture Company, but rather a mere loaning of his services by the National Chair Company to the Federal Furniture Company which loaning would not relieve the former of its obligation to respond to the petitioner under the Workmen's Compensation act of New Jersey. *Desposito* v. *American Lathing Co.,* 16 *N. J. Mis. R.* 279; 198 *Atl. Rep.* 841. Petitioner's activities in the affairs of the Federal Furniture Company are not inconsistent with a loan of his services to that concern by his employer the National Chair Company. Nor is the testimony of the witness Hildebrand that he was authorized by the president of the Federal Furniture Company to direct petitioner's work and could discharge him if necessary persuasive of petitioner's consent to a transfer of his contract to the

Federal Furniture Company inasmuch as it was admitted that such instructions were not given in the presence of petitioner; and they could therefore not be binding on said petitioner as he had no opportunity to dissent from the same nor opportunity to object to the transfer of his contract of hire to the new master, if in fact such instructions were intended to operate as a transfer of his contract to the new master. In view also of the unexplained circumstance that the petitioner was paid wages by the National Chair Company during his services at the plant of the Federal Furniture Company, I am unable to reach a conclusion that there was a transfer of his contract to the Federal Furniture Company. Petitioner claimed that the payment of $183.15 to him by the Federal Furniture Company was for hotel and traveling expenses incurred in North Carolina while engaged on business of the Federal Furniture Company and I am inclined to accept this explanation of the payment as it hardly seems rational to conclude that the National Chair Company would continue to pay him wages if he were in fact the employe of some other concern. In this connection it may be well to note that many of the checks received by him from the National Chair Company as wages were signed by its secretary, Charles S. Adler, who, it was admitted, was not friendly with petitioner. I conclude, therefore, that at the time of the accident petitioner was the employe of the respondent, National Chair Company, under a contract of hire made in the State of New Jersey.

The doctrine that where the contract of employment is made in this state that compensation will be awarded although the accident occurred outside the state is so well established as to require no comment.

Respondent advances as a further ground for dismissal the undisputed fact that petitioner signed an agreement with the Federal Furniture Company and its insurance carrier for payment by the latter to him of compensation under the laws of the State of North Carolina, which agreement was approved by the Industrial Commission of that state and under the terms of which agreement the said insurance carrier of respondent, Federal Furniture Company, on its behalf, paid to petitioner

sixteen weeks temporary compensation at the weekly rate of $18 or a total sum of $288. This agreement states the employer to be the Federal Furniture Company and petitioner employe of this concern. Respondent contends that the execution of this agreement and acceptance of said compensation payments thereunder by petitioner estops him from denying the Federal Furniture Company was his employer at the time of the accident and further acts as an election of remedies and bars him from bringing a claim for compensation in this state. It further claims that this agreement renders the matter *res judicata* and under the full faith and credit clause of the Federal Constitution deprives this state of jurisdiction of the claim.

First it is to be noted that there was no actual trial or adjudication of the claim by the North Carolina courts nor by the Industrial Commission but the document in question was merely approved, apparently as an act of administration and not as the result of an adjudication or formal trial and finding on the merits by the North Carolina Commission and because of this posture of facts the case of *Martinez* v. *W. G. Fritz Co.,* 11 *N. J. Mis. R.* 399; 165 *Atl. Rep.* 873, and *Di Carvallo* v. *G. Di Napoli, Inc.,* 13 *N. J. Mis. R.* 603; 180 *Atl. Rep.* 488, would not be applicable to the case at bar. The case seems rather to fall within the purview of *Sweet* v. *Austin,* 12 *N. J. Mis. R.* 381; 171 *Atl. Rep.* 684, and the payments were voluntary in nature and not the result of a formal hearing or adjudication required to render the matter *res judicata* and deprive the courts of this state of jurisdiction. Nor can it be said that the statements made in said agreement are conclusive admissions; they are evidential, but nothing more. Like any admissions made outside of court, they can be qualified or contradicted by parol evidence, *Burns* v. *Edison,* 92 *N. J. L.* 288; 105 *Atl. Rep.* 717, cited with approval by the Court of Errors and Appeals, *Helminsky* v. *Ford Motor Co.,* 111 *N. J. L.* 369; 168 *Atl. Rep.* 420.

Nor can it be said that the execution of the said contract and acceptance of payments of compensation thereunder by the petitioner acts as an election of remedies and estops him from bringing a claim within this state that is otherwise

maintainable. The only contract supporting a petition under the Compensation act is that conclusively presumed by the statute from the fact of employment, which is, that in case of accident within the terms of the statute there shall be compensation and the right to recovery rests on the contract presumed by the statute from the fact of employment, which is, that in case of accident within the terms of the statute there shall be compensation and the right to recovery rests on the contract presumed by the statute to have been made at the time of the employment, and often recovery is had not only apart from a later contract but in spite of it. *Edison* v. *Burns, supra.*

Counsel for respondent in his brief points out that petitioner after executing the contract under North Carolina law and accepting compensation payments thereunder for a period of sixteen weeks, during which time he was considered by Mr. Schachter, the president of the Federal Furniture Company, the treating doctor and his personal attorney at that time, Mr. Alexander Permison, the employe of the said Federal Furniture Company, and that shortly thereafter, because he had consulted a different attorney, said petitioner suddenly conceived the idea he was the employe of the National Chair Company when the accident occurred, and by reason of the advice of the new attorney concluded to terminate the agreement entered into under the laws of North Carolina. This assumption of what caused the petitioner's change of procedure is undoubtedly correct, and while not of itself important, is of assistance in arriving at a determination of fact from the testimony. It indicates to me that the petitioner due to improper advice and his own inexperience, rather than from an attempt to deceive, adopted an incorrect procedure and remedy, which he now seeks to receive; and I am, therefore, unable to conclude, from statements made by him in such a situation, that he was in fact the employe of the Federal Furniture Company at the time of the accident, particularly in view of the payment of wages to him by the National Chair Company and failure to show acceptance by him of a transfer of his services to the former.

As to motion on behalf of the New Jersey Manufacturers Casualty Insurance Company that the petition be dismissed as against it because there is no proof that it had an effective policy of insurance for the benefit of the National Chair Company at the time of the accident and that the bureau has no jurisdiction to decide policy questions and can therefore make no effective award against it, suffice it to say that during the trial counsel amended the answer filed on behalf of National Chair Company to include an answer by said insurance company which is an admission by the latter that such policy does in fact exist and such admission is conclusive against it. That an injured employe may join both the employer and his insurance carrier in the petition and obtain an effective award against both under *R. S.* 34:15-84 is well settled. *Brown* v. *Conover and American Casualty Co.,* 116 *N. J. L.* 184; 183 *Atl. Rep.* 304.

On the question of disability medical testimony was introduced on behalf of petitioner to the effect that he now suffers a disability permanent in nature to the extent of sixty-six and two-thirds per cent. of total. Drs. Swetlow and Beling, testifying on petitioner's behalf, estimated his disability at that percentage, basing the same on their diagnoses of traumatic encephalopathy, anxiety neurosis, conversion hysteria and post concussion syndrome. These witnesses based their estimates of disability on certain objective symptoms they found, but which objective symptoms they also admitted were to some extent within the control of the petitioner and on his subjective complaints. In fact Dr. Swetlow stated on cross-examination that the symptoms described by him as objective, standing alone, would not cause much loss of working ability and that the disability in main is based on subjective symptoms.

\*      \*      \*      \*      \*      \*      \*

I do, therefore, for the reasons above stated, find and determine, as follows:

That on the 24th day of June, 1938, there was a relationship of employer and employe existing between petitioner and respondent, National Chair Company, by virtue of a contract of employment made in the State of New Jersey.

That on the said 24th day of June, 1938, at Elkin, North Carolina, petitioner incurred personal injuries by accident arising out of and in the course of his employment with respondent, National Chair Company.

That this respondent had due notice or knowledge of said accident and resultant injuries;

\*          \*          \*          \*          \*          \*          \*

That as a result of said accident he incurred personal injuries in the nature of brain injury which results in his present condition of a past concussion syndrome and traumatic neurosis;

\*          \*          \*          \*          \*          \*          \*

That there was no contract of employment existing between petitioner and Federal Furniture Company, and the petition should be dismissed as to it and the respondent Liberty Mutual Insurance Company.

It is, therefore, \* \* \* ordered, that the said petition be and it hereby is dismissed as to the respondents Federal Furniture Company and Liberty Mutual Insurance Company.

It is further ordered that judgment final be entered in favor of the petitioner and against the respondents National Chair Company and New Jersey Manufacturers Casualty Insurance Company.

\*          \*          \*          \*          \*          \*          \*

HARRY H. UMBERGER,
*Deputy Commissioner.*