ROSE G. FREEDMAN, DEFENDANT-APPELLANT, v. ESSEX CHAIR COMPANY, PROSECUTOR-RESPONDENT.

Submitted February 14, 1947—Decided April 24, 1947.

For the defendant-appellant, *Geltzeiler & Honigfeld* (*Abraham L. Honigfeld,* of counsel).

For the prosecutor-respondent, *James J. Carroll.*

The opinion of the court was delivered by

EASTWOOD, J. This is a workmen's compensation case. The instant appeal brings up for review the judgment of the

Supreme Court, reversing a judgment of the Essex County Court of Common Pleas, awarding compensation to the defendant-appellant, Rose G. Freedman (hereinafter called the petitioner), as widow of Hyman Freedman, deceased, an employee of prosecutor-respondent, Essex Chair Company. The Essex County Court of Common Pleas reversed the Workmen's Compensation Bureau's dismissal of Mrs. Freedman's claim petition for compensation for an accident allegedly suffered by her husband arising out of and in the course of his employment by prosecutor-respondent. (See *Essex Chair Co.* v. *Freedman,* 134 *N. J. L.* 302; 47 *Atl. Rep.* (2d) 443.)

The Supreme Court fails to comment as to whether decedent, Hyman Freedman, had suffered an accident arising out of and in the course of his employment. The issue was decided adversely to appellant on the assumption that decedent had suffered a hernial injury and that appellant had not established by the proofs all of the so-called "five points" as enunciated in *R. S.* 34:15–12 (x). We hold that the only issue in this case is whether decedent's alleged injury was caused by an accident arising out of and in the course of his employment.

Mrs. Freedman's claim petition alleges that her husband suffered an accident on "July 22, 1943 about 12 a. m.;" that "While lifting, carrying and working on furniture decedent received injuries which resulted in death." The burden was upon the petitioner to prove that decedent was injured as the result of an accident arising out of and in the course of his employment. This principle is so well established as to require no citation of authority. There is a dearth of testimony as to how and when the decedent suffered an injury, if at all, as arising out of and in the course of his employment. Mrs. Freedman endeavored to sustain the burden of proof by contending that the alleged accident occurred about 11:00 a. m. on the day in question, and relies mainly on the testimony of the attending physician to the effect that the decedent told him that the pain had begun about 11:00 o'clock. The proffered testimony was clearly inadmissible and incompetent to prove the cause of the injury. We held in *Helminsky* v.

*Ford Motor Co.,* 111 *N. J. L.* 369; 168 *Atl. Rep.* 420, opinion by Mr. Justice Trenchard:

"The pertinent rule is. that, in a workmen's compensation case, the employee's attending physician's testimony that the employe told the physician that he received injury in an accident at the employer's plant is inadmissible to establish such alleged accident, and cannot be made the basis of an award.

"The general rule in this state is that statements made by an injured person to his physician for the purpose of treatment and diagnosis, such as statements relating to his symptoms and feelings, are admissible in evidence; but that statements made to the attending physician as to the cause of the injury, or as to the. place wherein the injury occurred, are inadmissible and should be rejected by the trial court. *State* v. *Gruich,* 96 *N. J. L.* 202; 114 *Atl. Rep.* 547."

The judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, BODINE, COLIE, WACHENFELD, EASTWOOD, WELLS, FREUND, McGEEHAN, McLEAN, JJ. 9.

*For reversal*—HEHER, RAFFERTY, DILL, JJ. 3.