92 N.J. Super. 392 (1966)
223 A.2d 635
DREW PINTER, AN INFANT BY HIS GUARDIAN AD LITEM, KATHERINE PINTER, AND KATHERINE PINTER AND JOSEPH PINTER, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
NED J. PARSEKIAN, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1966.
Decided October 31, 1966.
*393 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Philip Blacher argued the cause for appellant (Messrs. Rafferty & Blacher, attorneys).
Mr. Sanford Rader argued the cause for respondents (Messrs. Kovacs, Anderson, Horowitz & Rader, attorneys).
LABRECQUE, J.A.D.
Defendant appeals from judgments in favor of plaintiffs following a jury verdict.
On February 7, 1963 an automobile driven by Joseph Pinter in which Katherine Pinter, his wife, and Drew Pinter, his son, were passengers, was involved in a head-on collision with another driven by one Richard Solarczyk. The collision occurred on Solarczyk's side of the highway, and Pinter's presence *394 there was explained by the fact that his vehicle had been proceeding on its own proper side of the highway when the driver of an unidentified vehicle passed it on the right, forcing it, without impact, into the oncoming traffic lane where the accident occurred. The present action was instituted against the Director of the Division of Motor Vehicles under the "hit and run" section of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-78.
Joseph Pinter, the driver, died shortly before the trial from causes unrelated to the accident. The sole question raised on appeal is whether the trial judge erred in permitting plaintiffs' treating physician to testify as to a "history" obtained from decedent on February 15, 1963. We hold that he did.
Plaintiffs' sole medical witness was Dr. George F. Frederick, who saw Joseph Pinter on February 15, 1963. He was permitted to testify over objection:
"Q. And did Mr. Pinter give you a history of an accident that had occurred?
A. Yes.
Q. Can you give us that history, doctor?

* * * * * * * *
A. On February 7, 1963, at 10:45 P.M. while travelling south on Amboy Avenue in Perth Amboy, New Jersey, in the vicinity of the refineries, another car cut us off, forcing us over to the left side of the road * * * and an oncoming car hit us in the left front of the vehicle."
The rule is well settled that declarations of an injured person as to his condition, symptoms and feelings, made to a physician for the purpose of diagnosis and treatment, are admissible in evidence, State v. Gruich, 96 N.J.L. 202 (E. & A. 1921), while statements as to the cause of the symptoms or conditions are generally held to be inadmissible. Helminsky v. Ford Motor Co., 111 N.J.L. 369 (E. & A. 1933); Clayton v. Jersey Central Power & Light Co., 19 N.J. Super. 546, 555 (App. Div. 1952), certification denied 10 N.J. 314 (1952). Plaintiffs contend that the testimony referred to comes within certain exceptions which have been engrafted *395 onto this rule, and rely particularly upon Bober v. Independent Plating Corp., 28 N.J. 160 (1958); Greenfarb v. Arre, 62 N.J. Super. 420 (App. Div. 1960), certification denied 33 N.J. 454 (1960), and Barrie v. Central R.R. Co. of N.J., 71 N.J. Super. 587 (App. Div. 1962), certification denied 37 N.J. 87 (1962). In the latter case, the rule applicable was summarized as follows:
"The rule now is that where the history is given by a patient to a treating physician and received by the latter for purposes of diagnosis or treatment, to which it is pertinent, particularly under circumstances importing spontaneous motivation for truthfulness on the part of the patient, it will be admissible as substantive evidence, at least when the declarant is dead and no other source of the information related is available." (at pp. 595-596)
We are satisfied that the cited cases are clearly distinguishable and afford no precedent for the admission of the challenged testimony. In Bober, a compensation case, plaintiff had sought treatment for an allergic condition and was permitted to testify as to the chrome dust environment in which he worked, and his physical reactions to it. In holding the testimony to be admissible the court held:
"And respondent urges here that Bober's statements in the history given to the doctor as to the chrome dust environment in which he worked and his physical reactions to it do not constitute revelation of factors necessary for diagnosis and treatment, but rather declarations relating to the cause of those factors. It is true that in a sense the statements relate to cause, but in this type of situation they cannot be denied either admissibility or probative force for that reason. As can be seen readily upon analysis, they stand arrayed in the same cloak of reliability as those expressions which are thought of ordinarily as symptoms." (28 N.J., at pp. 170-171)
Obviously, in a case of allergy, knowledge of the conditions present in plaintiff's working area would necessarily play a part in the diagnosis and cure sought by the patient.
In Greenfarb, also a compensation case, in which there were no witnesses to the incident which was found to have proximately brought about his death, testimony was allowed *396 that decedent, while in the throes of the serious heart attack which led to his death months later, had told his treating physician that the onset of his trouble began on the night before his admission to the hospital, when he lifted a large piece of dough weighing about 300 pounds and immediately felt pain and distress in stated areas of his body. In the instant case the "history" contains no recitation of symptoms, or information which could lead to diagnosis or treatment. In point of fact, outside of sedation, no treatment was given and decedent was discharged at the end of this first and only visit. Additionally, there were other witnesses to the accident.
In Barrie plaintiff suffered from amnesia following severe injury to the head and other parts of his body in a fall from a railroad train, and the history given to the doctor shortly after his removal to the hospital was held to have been given under circumstances importing "spontaneous motivation for truthfulness" and admissible. No other source of such information was available to plaintiff in that case.
We are satisfied that the history related to Dr. Frederick was erroneously admitted. Far from being given under circumstances importing spontaneous motivation for truthfulness, it was given to the doctor eight days after the accident, a time certainly sufficient to allow consideration if the witness was so inclined. See State v. Taylor, 46 N.J. 316, 332 (1966). The compulsion to declare the truth which was found in Bober and Greenfarb is totally lacking.
Plaintiffs urge that the error, if any, was harmless and that affirmance of the verdict would not be inconsistent with substantial justice. R.R. 1:5-3(b); 4:63-1. We disagree. Plaintiffs' case was far from strong. Mrs. Pinter gave no direct testimony as to the presence or manner of operation of the unidentified vehicle. While the testimony of plaintiffs' minor son, Drew, was sufficient to create an issue of fact, it left much to be desired in the way of certainty and clarity. Receipt of the challenged testimony from Dr. Frederick afforded corroboration of Drew's testimony from the lips of a decedent. Since the allegedly offending driver was not *397 present to contradict, it undoubtedly carried weight. This conclusion is confirmed by the fact that the jury, during the course of its deliberations, requested to have the testimony in question read back to it. We are satisfied that the error was of such magnitude as to call for reversal.
Reversed and remanded for a new trial.