THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANNA GRUICH, PLAINTIFF IN ERROR.

Argued March 8, 1921—Decided June 20, 1921.

1. The declaration of a patient as to his symptoms made to his
   physician or surgeon for the purpose of treatment are admis-
   sible in evidence, but when such declarations are made, not for
   the purpose of treatment, but for the purpose of leading the
   physician or surgeon to form an opinion to which he may
   testify as a witness for the declarant, such declarations are
   incompetent.
2. Declarations made to a physician as to the cause of the injury
   which is the particular subject-matter of inquiry and which
   may be proved by other evidence, is inadmissible.

On error to the Supreme Court, whose opinion is reported
in 95 N. J. L. 263.

For the plaintiff in error, *Frank E. Bradner.*

For the state, *J. Henry Harrison* and *John A. Bernhard.*

The opinion of the court was delivered by

SWAYZE, J.  The defendant was indicted for and convicted
of procuring the miscarriage of R. M.  The Supreme Court
affirmed the conviction.    The only question to be discussed
is whether or not the trial judge properly allowed Dr. L.
to testify as to his conversation with Mrs. M. in the presence
of Dr. D. with a notary, Huelsenbach, the defendant being
absent.   The statement was obtained and written down by
Huelsenbach and signed by Mrs. M. on the day of her
death.   It was obtained by questioning by the doctor.   On
his examination in chief he failed to testify to parts of the
statement.   It was shown to him on his cross-examination,
only to refresh his recollection.   Objection was made but he
was allowed to use the statement after he had testified that
his recollection was refreshed.   He was then asked to state

the rest of the conversation on which he based his opinion
that she died as a result of malpractice. The statement
was made several days after he had been called to attend
her, and had then already made up his mind that her con-
dition was due to abortion, and had rendered the medical
service he thought necessary. It is not questioned that he
was right in what he did. He was then asked to state the
rest of the conversation on which he based his opinion (the
opinion that he had formed several days before). He said
that he made Mrs. M. say that she had an abortion per-
formed and in answer to the question as to the rest of the
conversation he testified that, "she said she went to a woman."
The state considered that important for the purpose of
showing that the operation may have been performed by
the defendant. It was not for the purpose of diagnosis, for
that had already been made; it was not for the purpose of
treatment, for treatment had been had, none further was pro-
posed, and her death was hourly expected. The Supreme
Court held that the witness was entitled to examine the
paper for the purpose of refreshing his recollection with
relation to any *facts material to the issue* notwithstanding
that the writing was done by a person other than the witness,
provided that the witness knew the contents of the paper at
the time it was written. We do not question that it would
have been proper to allow Dr. L. to refresh his recollection
by an examination of the paper if the fact to be proved, or
statement meant to be and in fact elicited, from the wit-
ness, was relevant or material. This was not the case.
While statements which would otherwise be hearsay, may
be admissible sometimes, when made to a physician, that
is not always true.

The rule has been settled by the Court of Errors and
Appeals in *Consolidated Traction Co.* v. *Lambertson,* 60
*N. J. L.* 452, following the opinion of the Supreme Court
in *State* v. *Gedicke,* 43 *Id.* 86. The court there said: "It
is well settled that the declaration of a patient as to his
symptoms, made to his physician or surgeon for the purpose
of treatment, are admissible in evidence. While such declara-

tions partake of the nature of hearsay, they derive some credibility beyond that of hearsay, from the fact that the patient expects his physician or surgeon to be guided by them in administering remedies, and so the patient has an incentive beyond the ordinary obligation to tell the truth. But when such declarations are made not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion to which he may testify as a witness for the declarant, not only is this reason for credibility absent but instead self interest becomes a motive for distortion, exaggeration and falsehood. Hence it is the better conclusion that declarations made under such circumstances are not competent evidence on behalf of the declarant." The rule is approved by Prof. Wigmore. *Wig. Ev.*, § 1722. He cites the opinion of the Supreme Court of Massachusetts in *Roosa* v. *Loan Company*, 132 *Mass.* 439. The headnote of that case is: "The statement by a patient to his physician of the cause of an injury from which he is suffering, is inadmissible as evidence of that cause in an action for the injury." The hearsay statements in the Roosa case and the Lambertson case differ from the one now before us, because in those cases the hearsay was the statement of the plaintiff in the action; here it is a statement of the injured person who is not a party to the suit because the suit is an indictment in which the state is the active party. The reasoning underlying the decisions is quite as conclusive. In the Massachusetts case the court said: "While the witness, not an expert, can testify only to such exclamations and complaints as indicate present existing pain and suffering, a physician may testify to a statement or narrative given by his patient in relation to his condition, symptoms, sensations and feelings both past and present. In both cases these declarations are admitted from necessity, because in this way only can the bodily condition of the party, who is the subject of the injury, and who seeks to obtain damages, be ascertained. But the necessity does not extend to declarations by the party as to the cause of the injury, which is the principal subject-matter of inquiry and which may be proved by other evidence." This

we think is a sensible statement of the rule and it excludes Dr. L.'s testimony as to Mrs. M.'s statement as to the cause of her condition. If the statement in itself is inadmissible, it can make no difference whether the witness' recollection is refreshed by the paper or not, for after it is refreshed, he cannot properly testify to what the statement is. All the sanctions which make it possible to open the door for this sort of hearsay are absent in the case. In the Gedicke case the court said: "The admission of the evidence was an exception to the usual rule excluding hearsay evidence and was founded on the necessity of learning from the patient herself facts within her own knowledge which the physician should know to form an intelligent and accurate opinion of her present health and situation." In the present case what the state sought was not the symptoms which the physician might want to know or the feelings of Mrs. M.; it was merely the declaration of Mrs. M. as to the responsibility of some woman for the malpractice. The question that called it out, in view of the way the statement was obtained, was undoubtedly for the purpose of exculpating Dr. L. in case of a possible suspicion of guilt on his part. He engineered the statements, and as he himself said, made her say that there had been an abortion. It is conceded that her statement is not admissible as a dying declaration and probably it was because of this fact that the attempt was made to get in the statement by the doctor's oral report. This would be a mere device to make admissible, testimony otherwise irrelevant. We think the admission of the statement was an error. It was assigned for error, especially by assignments 6 and 7.

Let the judgment be reversed and the record remitted for a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 10.