201 N.J. Super. 28 (1985)
492 A.2d 683
STATE OF NEW JERSEY IN THE INTEREST OF C.A., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1985.
Decided April 24, 1985.
*31 Before Judges PRESSLER, BRODY and COHEN.
Nancy K. Lotstein, Assistant Gloucester County Prosecutor, argued the cause for appellant-cross-respondent (Alvin G. Shpeen, Gloucester County Prosecutor, attorney; Ms. Lotstein, of counsel and on the brief).
Joel B. Korin argued the cause for respondent-cross-appellant (George & Korin, attorneys; Mr. Korin, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
C.A. is charged with delinquency for engaging in acts of sexual assault and criminal sexual contact upon a young brother and sister for whom he was baby-sitting. At the time of the alleged incidents the boy was two-years old and the girl three. The children and C.A. are cousins. This appeal challenges the trial judge's interlocutory order respecting the admissibility of oral statements the children allegedly made to their mother over a three-day period. The statements describe the alleged incidents. The State argues that the statements are admissible under the "excited utterance" exception to the rule against hearsay. Evid.R. 63(4)(b). C.A. argues that they are not admissible. The trial judge admitted only the statements made the first day, the day the incidents allegedly occurred. The trial judge also excluded an oral statement the girl made to an examining physician on the third day. He ruled that the statement was not admissible because the doctor did not require it to treat the girl. Evid.R. 63(12). Both sides appeal.
Admissibility of the statements is particularly critical to the State's case because the trial judge found that both children are "incapable of understanding the duty of a witness to tell the truth" and are therefore not qualified to testify. Evid.R. 17. C.A. argues that that ruling, not challenged by the State, renders the children's hearsay statements especially *32 unreliable. The disqualification of the children as witnesses, however, does not foreclose admission of their statements, because the reliability of Rule 63(4)(b) and Rule 63(12) statements does not depend upon the declarant's conscious recognition of a general duty to tell the truth.
Evid.R. 63(4) provides:
A statement is admissible if it was made (a) while the declarant was perceiving an event or condition which the statement narrates, describes or explains, or (b) while the declarant was under the stress of a nervous excitement caused by such perception, in reasonable proximity to the event, and without opportunity to deliberate or fabricate.
A Rule 63(4)(b) statement is reliable because it is a product of "the stress of a nervous excitement" rather than the declarant's deliberate choice to tell the truth or fabricate. See Fagan v. City of Newark, 78 N.J. Super. 294 (App.Div. 1963). Regarding the statements of the first day, the trial judge found that "there is no evidence of the existence of any excitement by the children as a result of the alleged behavior of defendant." That finding is fully supported by the evidence and not challenged by the State. It follows that the statements of the first day were therefore erroneously admitted.
The trial judge admitted the statements because he understood the Rule to allow the admission of any statement by young children made "in reasonable proximity to the event [perceived], and without the opportunity to deliberate or fabricate." He attributed the children's lack of excitement to an unawareness that what they said C.A. had done "was wrong." The judge relied on People In the Interest of O.E.P., 654 P.2d 312, 318 (Colo.Sup.Ct. 1982) where the court said, "A child of three years is hardly adept at the type of reasoned reflection necessary to concoct a false story relating to a bizarre sexual experience implicating the child's mother." That Court, however, noted that the child "cried hysterically for approximately an hour" as a result of the event and emphasized that the trial court must be "satisfied that the event was such as to cause adequate excitement." Ibid.
*33 A court may make allowances for a child's youth and naivete in extending the time during which the nervous excitement continues to enhance the reliability of the statement. State v. Padilla, 110 Wis.2d 414, 417, 329 N.W.2d 263, 266 (Wis. Ct. App. 1982). A child's youth and naivete, however, are not substitutes for the stress of a nervous excitement, which is the basis for the hearsay exception. If the children here were not speaking under that stress, their statements are "far more of the character of testimony at trial than ... of the character of an excited utterance." State v. Brown, 341 N.W.2d 10, 14-15 (Iowa Sup.Ct. 1983). See also State v. Percy, 80 S.D. 1, 6, 117 N.W.2d 99, 102 (S.D.Sup.Ct. 1962).
The trial judge excluded the statements of the second and third days because the "time factor is more distant without any reliable explanation for the delay." The later statements were properly excluded not because the stress of a nervous excitement had dissipated by the time they were made but because there was no stress of a nervous excitement to begin with.
On the third day after C.A. baby-sat for the children, the three-year old girl and her mother were taken to a doctor by the police. The purpose of the visit was to have the doctor examine the girl for evidence. The doctor did not treat the girl. The trial judge found that the doctor asked the girl if she had been hurt and if so, who hurt her. She named C.A. and "pointed to her buttocks when asked where." The judge ruled that the child's statement was inadmissible under Evid.R. 63(12) because the doctor "said that the diagnosis was done by a visual examination and that no statement from [the child] was needed for treatment." This ruling was correct.
Rule 63(12) renders admissible only certain statements of a patient to a "physician consulted for purposes of treatment." The doctor here was not "consulted for purposes of treatment" but for gathering of evidence. Moreover, to be admissible the patient must have believed that the statement *34 would enable the doctor to treat. Reliability is based on the declarant's belief that a doctor will properly treat him if the doctor is told the truth concerning the ailment. See Cestero v. Ferrara, 57 N.J. 497 (1971). There is no evidence here that the girl believed that the doctor was questioning her so that he could treat her.
The order admitting into evidence the children's statements on the first day is reversed. The order excluding the other statements is affirmed. Remanded for further proceedings. We do not retain jurisdiction.