592 A.2d 1157

R.S., INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR K.S., JR., AND S.S., MINORS, INDIVIDUALLY, JOINTLY AND SEVERALLY AND K.S., SR., INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. ROBERT KNIGHTON AND NANCY KNIGHTON, T/A TOTS 'N TODDLERS DAY CARE CENTER; DIVISION OF YOUTH AND FAMILY SERVICES OF THE DEPARTMENT OF HUMAN SERVICES OF THE STATE OF NEW JERSEY; JEFFREY DENBO, INDIVIDUALLY AND AS AN EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES; JANE DOE, A FICTITIOUS EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES AND JOHN DOE, A FICTITIOUS EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES; R.L.N., INC., T/A TOTS 'N TODDLERS DAY CARE CENTER, INDIVIDUALLY, JOINTLY AND SEVERALLY, DEFENDANTS–RESPONDENTS.

J.C., INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR J.W.C., MINOR, INDIVIDUALLY, AND M.C., INDIVIDUALLY; T.B., INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR M.B., MINOR, INDIVIDUALLY, AND C.B., INDIVIDUALLY; C.G., INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR A.G., MINOR, INDIVIDUALLY, AND T.G., INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. ROBERT KNIGHTON AND NANCY KNIGHTON, T/A TOTS 'N TODDLERS DAY CARE CENTER; DIVISION OF YOUTH AND FAMILY SERVICES OF THE DEPARTMENT OF HUMAN SERVICES OF THE STATE OF NEW JERSEY; JEFFREY DENBO, INDIVIDUALLY AND AS AN EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES; JANE DOE, A FICTITIOUS EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES; JOHN DOE, A FICTITIOUS EMPLOYEE OF THE DIVISION OF YOUTH AND FAMILY SERVICES; R.L.N., INC., T/A TOTS 'N TODDLERS DAY CARE CENTER, INDIVIDUALLY, JOINTLY AND SEVERALLY, DEFENDANTS–RESPONDENTS.

Argued March 25, 1991—Decided July 23, 1991.

80

*John W. Trimble* argued the cause for appellants.

*Frank M. Spina, II,* argued the cause for respondents Robert Knighton and Nancy Knighton, t/a Tots 'N Toddlers Day Care Center, and R.L.N., Inc., t/a Tots 'N Toddlers Day Care Center (*A. Charles Peruto, Jr.,* attorney).

*Jacqueline DiGregorio,* Deputy Attorney General, argued the cause for respondents Division of Youth and Family Services and Jeffrey Denbo (*Robert J. Del Tufo,* Attorney General of

New Jersey, attorney; *Mary C. Jacobson*, Deputy Attorney General, of counsel).

The opinion of the Court was delivered by

STEIN, J.

In this appeal we consider significant evidentiary issues pertaining to the admissibility of out-of-court statements made by child victims of sexual abuse. The issues presented are whether the trial court properly declined to admit the children's out-of-court accounts to several mental-health professionals of incidents of sexual abuse under either the so-called "medical-treatment exception," *Evidence Rule* 63(12)(c), or the "tender-years exception," *Evidence Rule* 63(33), to the hearsay rule.

I

This suit arose following an investigation by the Division of Youth and Family Services (DYFS) of sexual abuse at Tots 'N Toddlers Day Care Center (Tots 'N Toddlers) in Berlin, New Jersey. That investigation resulted in the revocation of Tots 'N Toddlers' operating license in late 1984 and the arrest of one of its owners, Robert Knighton. The alleged victims were five young boys who had attended Tots 'N Toddlers and were between the ages of one and four years old at the time of the acts of sexual abuse. Plaintiffs allege that from late 1983 through 1984, the children began to exhibit behavioral and physical symptoms, including severe constipation, compulsive masturbation, bruises, sleeping difficulties, and in one child the outbreak of venereal warts, an affliction most commonly transmitted through sexual contact. The children eventually were removed from Tots 'N Toddlers after several of them identified Robert Knighton as the perpetrator of various acts of sexual abuse. Knighton was arrested in September 1984, and shortly thereafter DYFS revoked the license of Tots 'N Toddlers.

Aware that the children could suffer long-term effects from the alleged sexual abuse, the children's parents arranged for

them to receive psychological care. Psychiatrists diagnosed and treated four children for sexual abuse. The fifth child received treatment from a doctor of social work.

The parents of three of the children, individually and as guardians *ad litem* for their children, instituted a civil action against R.L.N., Inc., Robert Knighton, and his wife, Nancy Knighton, alleging that Robert Knighton had sexually abused the children and that Nancy Knighton had been negligent and had condoned the abuse. They further alleged that DYFS had negligently trained its employees concerning sexual-abuse complaint-investigation procedures. The parents of the other two boys filed a separate suit, alleging, in addition to the claims against the Knightons and DYFS, that a DYFS investigator, Jeffrey Denbo, had slandered and defamed them during the course of the investigation. The trial court granted DYFS's and Denbo's summary-judgment motions, and consolidated the two actions, leaving the Knightons and R.L.N., Inc. as the only defendants.

The trial court held an *Evidence Rule* 8 hearing in October 1988 to determine the admissibility of the five children's out-of-court statements made to their therapists. At the hearing plaintiffs' counsel informed the court that the children's statements, which described the sexual abuse and identified the perpetrator, constituted plaintiffs' sole proof that Robert Knighton was the person who had sexually assaulted the boys. Plaintiffs asserted that only the therapists' testimony would be available at trial because the children would be traumatized if required to describe the sexual assaults and because several of the children no longer remembered the sexual incidents.

Plaintiffs did not present testimony from either the therapists, parents, or children at the hearing. Instead, plaintiffs described the scope of the therapists' potential testimony through a three-page factual stipulation and a therapist's report on each child. The stipulation and the reports describe the children's physical and emotional symptoms, the nature of the

therapy sessions with the doctors, and the children's statements to the therapists describing the incidents of sexual abuse and identifying Robert Knighton as the perpetrator.

In arguing that the children's hearsay statements should be admitted at trial to prove that defendant Robert Knighton had abused the children, plaintiffs maintained that the statements were admissible under the medical-treatment exception to the hearsay rule, *Evidence Rule* 63(12)(c), and, alternatively, under the tender-years exception to that Rule that recently had been proposed in *State v. D.R.*, 109 *N.J.* 348, 537 *A.*2d 667 (1988).

The court declined to admit the statements pursuant to the medical-treatment exception, finding that plaintiffs' submissions did not provide sufficient information to enable it to determine whether the children had made the statements in good faith. The court explained the requirement:

> The good faith that the [c]ourt is called upon to rule on depends on various factors in the particular case. It can involve the question of who made the statement, that is whether the statement was made by the minor to the treating person or whether it was made by someone other than the child. * * * [W]hen and how the statements are made are important, the time period which may have elapsed, * * * what was discussed with the minor child and why * * *.

The court's primary rationale for refusing to admit the statements, however, was based on its conclusion that plaintiffs' factual submissions failed to demonstrate that the portion of the children's statements to the doctors identifying Robert Knighton as the perpetrator of the sexual abuse was "vital" or "necessary" to medical treatment. The trial court also refused to admit the hearsay statements pursuant to *State v. D.R.*, *supra*, 109 *N.J.* 348, 537 *A.*2d 667, reasoning that although that decision had sanctioned the admissibility of certain hearsay statements in child-sexual-abuse prosecutions, no formal rule had yet been adopted and, in any event, the decision's proposed rule applied only to criminal, not civil, cases.

After the trial court's ruling, plaintiffs conceded that if the children's statements were not to be admitted at trial through the testimony of the therapists, they had no other proof that

Knighton had been the abuser. Consequently, the trial court dismissed plaintiffs' case.

A divided Appellate Division affirmed the trial court's evidentiary rulings but unanimously reversed the dismissal of the slander complaint against Denbo. (Plaintiffs had not appealed the dismissal of DYFS.) In an unpublished opinion, the court held that plaintiffs had failed to demonstrate that the children's statements had been made in good faith or that identification of Robert Knighton was relevant to treatment. The court also found that the record did not reveal whether the children had believed that their statements to the therapists would facilitate treatment. The court noted that even if the statements had satisfied those criteria, it would have excluded one child's statement because it had been made to a doctor of social work, not a physician as the Rule requires.[1] Finally, the court concluded that *Evidence Rule* 63(33), the Rule implementing this Court's decision in *State v. D.R., supra,* 109 *N.J.* 348, 537 *A.*2d 667, did not apply, both because the Rule was not in force at the time of the *Evidence Rule* 8 hearing, and because the Rule, as adopted, did not apply to civil actions.

A separate concurring opinion stressed that the rationale behind *Evidence Rule* 63(12)(c) is that the declarant knows that he or she is injured and therefore is motivated to describe accurately his or her symptoms and their source. The concurrence concluded that because the children apparently had not considered themselves to be sick, injured, or in need of treatment, the statements had been properly excluded. The opinion, however, noted that a remand would be appropriate to "afford plaintiffs an opportunity to establish the relevance to psychiatric treatment of the abuser's identity and role in the victims'

---

[1]The Appellate Division unanimously reached the conclusion that social workers did not qualify as "physicians" under the medical-treatment exception. Plaintiffs have not appealed from that ruling, and consequently we do not reach the issue.

lives" if admissibility of the abuser's identity were the sole issue.

The dissent concluded that the children's statements were admissible under both the medical-treatment and the tender-years exceptions to the hearsay rule. Regarding the former, the dissent found that identification was relevant to treatment, that young children might understand their need for treatment, and that the inherent reliability of children's accounts of sexual abuse provided further support for admissibility under the exception. The dissent also concluded that the tender-years exception, *Evidence Rule* 63(33), should apply to this case despite its literal limitation to criminal actions, reasoning that

[i]t is anomalous that a defendant such as the alleged attacker in this case could be sent to jail based upon the child's out-of-court statements, yet the child would remain unrecompensed from the defendant's assets in a parallel civil suit, because the statements would be civilly-inadmissible. I understand there are situations where due process considerations have limited civilly-admissible evidence from criminal trials, but I know of no other instance where criminally-admissible evidence is excluded from a civil proceeding.

Plaintiffs appealed as of right pursuant to *Rule* 2:2–1(a)(2), contending that the childrens' out-of-court statements should be admitted under *Evidence Rule* 63(12)(c) and *Evidence Rule* 63(33).

II

A. The Medical–Treatment Exception to the Hearsay Rule

We first consider the scope of the medical-treatment exception to the hearsay rule, *Evidence Rule* 63. Our courts consistently have held that a patient's description of a condition or symptom to a physician for the purpose of diagnosis and treatment is admissible in civil and criminal trials. See *Cestero v. Ferrara*, 57 *N.J.* 497, 501, 273 *A.2d* 761 (1971); *Bober v. Independent Plating Corp.*, 28 *N.J.* 160, 170, 145 *A.2d* 463 (1958); *Gilligan v. International Paper Co.*, 24 *N.J.* 230, 237, 131 *A.2d* 503 (1957); *State v. Gruich*, 96 *N.J.L.* 202, 203–04, 114

*A.* 547 (E. & A.1921). This exception to the hearsay rule, now codified, provides:

A statement is admissible if it was made in good faith and it * * * (c) described to a physician consulted for purposes of treatment the inception, general character of the cause or external source of symptoms, pain or physical sensation where such a description was relevant to diagnosis and treatment. [*Evid.R.* 63(12)(c).]

The traditional rationale for that departure from the hearsay rule is that such statements possess inherent reliability because "the patient believes that the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides the physician." K. Brown, G. Dix, E. Gellhorn, D. Kaye, R. Meisenholder, E. Roberts, & J. Strong, *McCormick on Evidence* § 292, at 839 (3d. ed. 1984); *see also Bober v. Independent Plating Corp., supra,* 28 *N.J.* at 170, 145 *A.*2d 463 (statements relevant to treatment and diagnosis are inherently reliable because they "spring from natural reflexes and are made at a time when the desire for relief furnishes an impelling incentive to truth telling"); *State v. Gruich, supra,* 96 *N.J.L.* at 204, 114 *A.* 547 (patient's statement describing his symptoms to physician for purposes of treatment are admissible because "they derive some credibility beyond that of hearsay, from the fact that the patient expects his physician * * * to be guided by them in administering remedies, and so the patient has an incentive beyond the ordinary obligation to tell the truth").

The New Jersey cases that have applied the exception demonstrate an unwavering adherence to that rationale. For example, when a statement is made to a physician for the purpose of providing evidence for a court proceeding rather than for treatment purposes, courts have held that the declarant lacks a "treatment motive" and that therefore the statement is inadmissible. *See State v. D.R.,* 214 *N.J.Super.* 278, 288–89 n. 4, 518 *A.*2d 1122 (App.Div.1986), *rev'd on other grounds,* 109 *N.J.* 348, 537 *A.*2d 667 (1988); *State ex rel. C.A.,* 201 *N.J.Super.* 28, 33–34, 492 *A.*2d 683 (App.Div.1985). Similar-

ly, if a declarant is unaware that his or her statements will enable a physician to make a diagnosis and administer treatment, such statements are not considered sufficiently trustworthy to qualify under the exception. *See State ex rel. C.A.,* *supra,* 201 *N.J.Super.* at 34, 492 *A.*2d 683 (statement ruled inadmissible under medical-treatment exception because evidence did not establish "that the girl believed that the doctor was questioning her so that he could treat her").

Furthermore, the exception requires that the statements made to the physician be "relevant to diagnosis and treatment." *Evid.R.* 63(12)(c). Thus, statements to physicians concerning the cause of an injury, when the cause is irrelevant to diagnosis or treatment, are inadmissible. *See Cestero v. Ferrara, supra,* 57 *N.J.* 497, 273 *A.*2d 761 (patient's statement to physician that she had obeyed traffic signal before being hit by car held irrelevant to treatment and therefore inadmissible under medical-treatment exception). Conversely, when the cause of a symptom, pain, or physical sensation is relevant to diagnosis and treatment, courts will admit the statement. *See Bober v.* *Independent Plating Corp., supra,* 28 *N.J.* at 171–72, 145 *A.*2d 463 (patient's statement that chrome dust was present at work site admissible because relevant to physician's diagnosis and treatment for allergy to that substance); *see also Rose v. Port* *of New York Auth.,* 61 *N.J.* 129, 138, 293 *A.*2d 371 (1972) (doctor's testimony relating patient's description of accident might have been admissible on the additional ground of *Evidence Rule* 63(12)(c) if doctor had indicated that some knowledge of cause of injury was relevant to diagnosis and treatment).

Despite the admission of some statements regarding the cause of injury when relevant to treatment and diagnosis, no New Jersey case has admitted into evidence under *Evidence* *Rule* 63(12)(c) a statement identifying an assailant. In *State v.* *McBride,* 213 *N.J.Super.* 255, 517 *A.*2d 152 (App.Div.1986), the court held that although the patient's statement to her physi-

cian that she had been struck by an assailant's fists was relevant to diagnosis and treatment and therefore admissible under *Evidence Rule* 63(12)(c), the portion of the statement identifying the perpetrator was inadmissible. *Id.* at 273, 517 *A.*2d 152. Similarly, in *State v. Bowens*, 219 *N.J.Super.* 290, 530 *A.*2d 338 (App.Div.1987), the court held that the trial court properly had excluded testimony by a physician regarding a child's out-of-court identification of the defendant, an alleged child abuser. In so holding, the court implied that although the defendant was the child's father, the identification evidence was not relevant to the treatment of the child. *Id.* at 300, 530 *A.*2d 338; *see also State v. D.R., supra,* 214 *N.J.Super.* at 288–89 n. 4, 518 *A.*2d 1122 (indicating that identity of child abuser did not fall within "general character of the cause or external source of symptoms").

Other jurisdictions have taken a more pragmatic and flexible approach to the exception in cases involving child victims of sexual abuse.[2] Some courts, recognizing that a young child may lack the capacity to appreciate the essence of a physician-patient relationship, focus on alternative indicia of reliability surrounding the child-declarant's statement to his or her physician. For example, several courts have concluded that the exception applies " 'so long as the statements made by the

---

[2] A majority of jurisdictions have modeled their medical-treatment exceptions on *Federal Rule of Evidence* 803(4). Twenty-five states have enacted the rule verbatim or with only minor stylistic variations, while seven states and Puerto Rico have enacted a modified version. Mosteller, *Child Sexual Abuse and Statements for the Purpose of Medical Diagnosis or Treatment,* 67 *N.C.L.Rev.* 257, 257–58 n. 2 (1989). The Federal Rule provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \* \* \*

(4) *Statements for purposes of medical diagnosis or treatment.* Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. [*Fed.R.Evid.* 803(4).]

individual were relied on by the physician in formulating his opinion.' " *State v. Altgilbers,* 109 *N.M.* 453, 463–64, 786 *P.*2d 680, 685–86 (Ct.App.1989) (quoting *Morgan v. Fortech,* 846 *F.*2d 941, 952 (4th Cir.1988) (Powell, J., ret. U.S.Sup.Ct. Justice, concurring and dissenting); *see also State v. Robinson,* 153 *Ariz.* 191, 209, 735 *P.*2d 801, 809 (1987) (if young children do not understand treatment purpose, court may focus on physician's reliance on statement for diagnosis and treatment purposes); *State v. Ucero,* 450 *A.*2d 809, 815 (R.I.1982) (admissibility of child's statement hinges on relevance to treatment; no mention of motives of eight- and eleven-year-old victims).

Other courts retain the requirement that the declarant have a treatment motive; however, they infer the child's treatment motive based on evidence in the record that an adult explained the need for treatment and truthfulness to the child. *See, e.g., United States v. Renville,* 779 *F.*2d 430, 438–39 (8th Cir.1985) (court inferred treatment motive from physician's statement that he explained to child victim of sexual abuse importance to treatment of examination and questions); *State v. Maldonado,* 13 *Conn.App.* 368, 372, 536 *A.*2d 600, 602 (court inferred treatment motive of three-and-a-half-year-old child because child was told by security guard—who reported information to doctor—that guard's questions were to aid doctor's treatment), *certif. denied,* 207 *Conn.* 808, 541 *A.*2d 1239 (1988).

In addition, a growing number of jurisdictions, have recognized that a child's statement identifying the abuser falls within the exception if identity of the abuser is relevant to diagnosis and treatment. *See Stallnacker v. State,* 19 *Ark.App.* 9, 11, 715 *S.W.*2d 883, 884–85 (1986); *People v. Oldsen,* 697 *P.*2d 787, 788–89 (Ct.App.1984), *aff'd,* 732 *P.*2d 1132 (Colo.1986); *State v. Maldonado, supra,* 13 *Conn.App.* at 373, 536 *A.*2d at 603; *State v. Altgilbers, supra,* 109 *N.M.* at 464, 786 *P.*2d at 686; *State v. Aguallo,* 318 *N.C.* 590, 597, 350 *S.E.*2d 76, 80 (1986); J. Myers & N. Perry, *Child Witness Law and Practice* § 5.36, at 360 (1987) ("growing majority" of jurisdictions allow statements identifying abuser). *But see People v. Pluskis,* 162 *Ill.App.*3d

449, 455, 113 *Ill.Dec.* 671, 674, 515 *N.E.*2d 480, 483 (1987) (statement of identity not admissible under state counterpart to *Federal Rule of Evidence* 803(4)), *appeal denied,* 118 *Ill.*2d 549, 117 *Ill.Dec.* 229, 520 *N.E.*2d 390 (1988); *People v. LaLone,* 432 *Mich.* 103, 107, 437 *N.W.*2d 611, 613 (1989) (same).

In *State v. Robinson, supra,* 153 *Ariz.* 191, 735 *P.*2d 801, for example, the Arizona Supreme Court considered the admissibility of out-of-court statements made to a psychologist by a sexually-abused child concerning the identity of her abuser. Noting that "the identity of the victim's assailant and other statements attributing fault ordinarily are inadmissible under [Arizona's medical-treatment exception] because identity and fault usually are not relevant to treatment," *id.* 735 *P.*2d at 810, the court stated that

> [t]his general rule, however, is inapplicable in many child sexual abuse cases because the abuser's identity is critical to effective diagnosis and treatment. * * * [The doctor's] testimony in this case echoed the conclusion reached by numerous courts: "The exact nature and extent of the psychological problems which ensue from child [sexual] abuse often depend on the identity of the abuser." [*Ibid.* (quoting *United States v. Renville, supra,* 779 *F.*2d at 437 (citations omitted)).]

In a related context, this Court has observed that the identity of the sexual abuser can be relevant to the emotional and mental trauma suffered by the child victim. In *State v. Crandall,* 120 *N.J.* 649, 577 *A.*2d 483 (1990), we considered the constitutionality of a statute that permitted child victims of sexual abuse to testify on closed-circuit television, concluding that such testimony would be appropriate when there was a likelihood that the child would "suffer severe emotional or mental distress" from testifying in open court. *Id.* at 656, 577 *A.*2d 483. We noted several factors a trial court should consider in determining whether in-court testimony would cause the child "severe emotional or mental distress." Among those factors is whether "the defendant occupied a position of authority with respect to the child witness." *Id.* at 663, 577 *A.*2d 483.

B. Application of *Evidence Rule* 63(33) in Civil Actions

As noted, the trial court rejected plaintiffs' argument that the children's statements to the psychiatrists and social worker should have been admitted under the hearsay exception proposed in *State v. D.R., supra,* 109 *N.J.* 348, 537 *A.*2d 667, now codified as *Evidence Rule* 63(33). In *D.R.,* we recognized the need for a new tender-years hearsay exception in sexual-abuse prosecutions. We noted that absent a confession or physical evidence of sexual abuse, a child's account of an incident of sexual abuse is often the only available evidence. *Id.* 109 *N.J.* at 358–59, 537 *A.*2d 667. Relying on the extensive literature on the subject of child-sexual assaults, we found that statements made by children about sexual incidents are generally highly credible. *Id.* at 359–60, 537 *A.*2d 667; *see, e.g.,* Skoler, *New Hearsay Exceptions for a Child's Statement of Sexual Abuse,* 18 *J. Marshall L.Rev.* 1, 44–45 (1984) ("The overwhelming opinion of mental health workers, social welfare workers, and police investigators is that children almost never make false [sexual-abuse] reports."). We also observed that a child's out-of-court statements are often more reliable than a child's in-court testimony due to the lapse of time between the assault and the trial as well as the stress of testifying, especially when the defendant is a family member or authority figure. *State v. D.R., supra,* 109 *N.J.* at 360, 537 *A.*2d 667.

As a matter of comity, we declined to adopt a new Rule, *id.* at 375–76, 537 *A.*2d 483, and instead proposed a Rule, see *id.* at 378, 537 *A.*2d 483, that the Legislature adopted verbatim. The Rule provides:

A statement by a child under the age of 12 relating to a sexual offense under the Code of Criminal Justice committed on, with, or against that child is admissible in a criminal proceeding brought against a defendant for the commission of such offense if (a) the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at such time as to provide him with a fair opportunity to prepare to meet it; (b) the court finds, in a hearing conducted pursuant to Rule 8(1), that on the basis of the time, content, and circumstances of the statement there is a probability that the statement is trustworthy; and (c) either (i) the child testifies at the proceeding, or (ii) the child is unavailable as a witness and there is

offered admissible evidence corroborating the act of sexual abuse; provided that no child whose statement is to be offered in evidence pursuant to this rule shall be disqualified to be a witness in such proceeding by virtue of the requirements of Rule 17. [*Evid.R.* 63(33).]

The Rule was adopted and became effective on June 13, 1989, eight months after the *Evidence Rule* 8 hearing in this case.

We note that prior to our decision in *D.R.*, legislation had been introduced to permit a child's out-of-court account of sexual abuse to be admitted into evidence in both civil and criminal child-sexual assault cases. *See* A–642, 203rd Legis., 1st Sess. (1988). That bill was not enacted, the Legislature instead adopting this Court's proposed version of the new exception as set forth in *D.R.* *See Evid.R.* 63(33). The Supreme Court's Committee on Revision of the Rules of Evidence (Committee) has criticized the logic of limiting the rule to criminal actions and certain child-protection proceedings, see *N.J.S.A.* 9:6–8.46, observing that the limitation makes little sense because if "evidence of this nature is trustworthy, there seems no reason not to admit it in * * * civil and juvenile delinquency proceedings [and] all criminal proceedings in which the fact of sexual activity involving a child is relevant." See *Final Report of The Supreme Court Committee on Revision of the Rules of Evidence,* Proposed *Evidence Rule* 804(b)(8), 129 *N.J.L.J.* 46 (1991) (*Final Report*) (proposing several changes to *Evidence Rule* 63(33) including its extension to civil actions).[3]

Consistent with the Committee's reasoning, the Appellate Division has interpreted *Evidence Rule* 63(33) to apply to civil actions. *M.P. v. Wee Care Day Nursery,* 119 *N.J.Super.* 250, 593 *A.*2d 799 (1991), involved a civil action for damages alleging negligent supervision and sexual abuse against the plaintiff's nursery-school teacher. In an earlier criminal proceeding

[3]We anticipate that subject to public comment and review of the Committee's recommendations by the Court, the amendment to *Evidence Rule* 63(33) recommended by the Committee will be submitted to the Legislature for adoption.

against the teacher, the child's mother had testified to several statements made to her by the child describing the sexual abuse. The trial court admitted the testimony pursuant to the Appellate Division's opinion in *State v. D.R.*, *supra*, 214 *N.J.Super.* 278, 518 *A.*2d 1122. At the subsequent civil proceeding, the plaintiff had sought unsuccessfully to introduce that same testimony. The trial court had declined to admit the testimony, reasoning that the language of *Evidence Rule* 63(33) precluded its application in a civil case.

The Appellate Division reversed, concluding that in order to avoid "anomalous and inconsistent results" and to effectuate the purpose of *Evidence Rule* 63(33), the Rule should be interpreted to apply in both civil and criminal actions. *M.P. v. Wee Care Day Nursery*, *supra*, 250 *N.J.Super.* at 122, 593 *A.*2d at 801. The court reasoned that if out-of-court statements are reliable enough to qualify for admissibility in criminal proceedings, in which defendants ordinarily are accorded the broadest protections, they should be admitted in civil cases as well. *Id.* at 124, 125, 593 *A.*2d at 801, 802. To hold otherwise, the court stated, would lead to the incongruous result that a defendant could be sent to jail on the strength of an admissible *Evidence Rule* 63(33) statement, but the child victim would be denied compensatory damages because of insufficient proof. *Id.* at 123, 593 *A.*2d at 801. The court also pointed out that if a criminal conviction is obtained, that conviction would then be admissible under *Evidence Rule* 63(20) in a civil matter to prove any essential fact. "If the conviction itself can be received in evidence in the civil matter as proof of a fact," the court stated, "we question an interpretation of *Evid.R.* 63(33) [that] would preclude use of the very statement upon which that conviction was based." *Id.* at 123, 593 *A.*2d at 801. Finally, noting that there was no indication that the drafters preferred an interpretation of the Rule that precluded its application in civil actions, the court reversed and remanded to the trial court to consider the admissibility of the statements under *Evidence Rule* 63(33). *Id.* at 124, 125, 593 *A.*2d at 801, 802.

### III

#### –A–

We first consider whether plaintiffs' out-of-court statements identifying Robert Knighton as the perpetrator of several incidents of sexual abuse were properly excluded under the medical-treatment exception. See *Evidence Rule* 63(12)(c).

In deciding that plaintiffs' out-of-court statements were not admissible, the courts below noted correctly that admissibility of hearsay under that exception hinges on the declarant's recognition that he or she is in need of treatment and that effective treatment rests on a truthful and accurate description of his or her symptoms. *See Cestero v. Ferrara, supra,* 57 *N.J.* at 501, 273 *A.*2d 761. Furthermore, only those statements that are relevant to diagnosis and treatment qualify under the exception. *See Bober v. Independent Plating Corp., supra,* 28 *N.J.* at 170, 145 *A.*2d 463.

We are unable to discern from the record of the *Evidence Rule* 8 hearing in this case, however, whether the children's statements qualify under the exception. In an attempt to limit expenditures and with the trial court's acquiescence, plaintiffs elected to forego live testimony and rely instead on a factual stipulation and the brief reports of the children's therapists. As noted, those reports describe generally the children's physical and emotional symptoms, the nature of their visits to the doctors, and the children's descriptions of the incidents in which they alleged that they had been sexually abused. The reports do not reveal whether the children, in communicating with the therapists, perceived themselves to be in need of treatment or whether the children had understood the need to be truthful. Without testimony from either the children, their parents, or their therapists, neither the trial court nor a reviewing court could discern whether the children had understood their need for treatment and the importance of being truthful in the course of that treatment.

Furthermore, the reports also fail to address whether the identity of the alleged sexual abuser was relevant to the doctors' diagnosis and treatment of the children. Without testimony from the therapists, a court could not reliably determine whether knowledge of the abuser's identity was relevant to their treatment of the children. *See United States v. Renville, supra,* 779 *F*.2d at 437; *cf. Rose v. Port of New York Auth., supra,* 61 *N.J.* at 138, 293 *A*.2d 371 (doctor's testimony relating patient's description of accident might have been admissible had doctor indicated that some knowledge of cause of injury was relevant to diagnosis and treatment).

We acknowledge that plaintiffs participated in the *Evidence Rule* 8 hearing on the basis of stipulated facts, but it should have been readily apparent that the stipulation was simply an inadequate foundation for that hearing and the critical evidentiary ruling that would follow. Because of the truncated *Evidence Rule* 8 proceeding in this case, we are unable to determine whether the children's out-of-court accounts of sexual abuse were properly excluded under the medical-treatment exception. Accordingly, we remand to the trial court in order that an adequate record be developed to determine the admissibility of the children's statements under that exception.

In view of the obvious difficulty in determining whether those young children possessed a treatment motive during therapy sessions that took place at least five years ago, the trial court should consider, based on the testimony of either the parents or therapists, whether either explained to the children the reason for the therapy sessions or the need to be truthful when speaking with the doctors. *See United States v. Renville, supra,* 779 *F*.2d at 438–39; *State v. Maldonado, supra,* 13 *Conn.App.* at 372, 536 *A*.2d at 602. In assessing whether the out-of-court statements of the young children qualify for admission under the medical-treatment exception, the trial court should evaluate pragmatically all of the circumstances surrounding the children's declarations in order to ascertain wheth-

er the statements are sufficiently reliable to warrant admission under the exception.

–B–

■■ Because the applicability of *Evidence Rule* 63(33) will undoubtedly be raised on remand, we offer these observations to guide the trial court's disposition of that issue. As noted, since the time of the *Evidence Rule* 8 hearing in this case, the Legislature has adopted *Evidence Rule* 63(33). The question therefore arises whether that Rule will apply to the remand in this case. Generally, statutes and rules relating to substantive rights are construed to operate prospectively, whereas those relating to procedure and remedies are applicable to pending proceedings when vested rights would not be disturbed. Although the distinction between substance and procedure is sometimes not crystal clear, the general rule has been that rules of evidence and procedure that do not change the elements of an offense or the ultimate facts necessary to establish guilt can be applied in an action involving conduct committed prior to the rule's enactment. *See Beazell v. Ohio*, 269 *U.S.* 167, 170, 46 *S.Ct.* 68, 69, 70 *L.Ed.* 216, 218 (1925); *Hopt v. Utah*, 110 *U.S.* 574, 590, 4 *S.Ct.* 202, 210, 28 *L.Ed.* 262, 268–69 (1884); *see also Thompson v. Missouri*, 171 *U.S.* 380, 18 *S.Ct.* 922, 43 *L.Ed.* 204 (1898) (evidence statute liberalizing admissibility of handwriting evidence enacted after first trial considered procedural and therefore applicable to defendant's second trial). That rationale applies in this case. Although *Evidence Rule* 63(33) was enacted after the *Evidence Rule* 8 hearing in this case, its application on remand would not "change the ingredients of the offense" or "the ultimate facts necessary to establish guilt" or liability. *See Miller v. Florida*, 482 *U.S.* 423, 433, 107 *S.Ct.* 2446, 2452–53, 96 *L.Ed.*2d 351, 362 (1987); *United States v. Prickett*, 790 *F.*2d 35, 37 (6th Cir.1986) (*Federal Rule of Evidence* 704(b) could be applied retroactively because it did not affect defendant's crimes, his punishment, or "the quantity or degree of proof necessary to establish his guilt").

■ As enacted, *Evidence Rule* 63(33) applies only to criminal actions. Defendant contends that the Rule's application to civil suits would be unauthorized absent a legislative amendment. We have recently discussed at length the judiciary's role in the promulgation of new Evidence Rules, see *State v. D.R.*, *supra,* 109 *N.J.* at 371–75, 537 *A.*2d 667, and need not repeat that analysis here. We note simply that the concerns that led this Court to decline to adopt a new evidentiary rule by judicial decision in *D.R.*, not for want of constitutional power but instead as a matter of comity, are not present here. Specifically, to construe the Rule to apply in civil actions represents neither a "serious," "far-reaching," nor "complex[ ]" change in the *Rules of Evidence. See id.* 109 *N.J.* at 375–76, 537 *A.*2d 667. Instead, the issue presented requires only that we construe an existing rule to determine if its current limitation to criminal actions is consistent with the purposes for which it was adopted. *See State v. Hampton,* 61 *N.J.* 250, 271, 294 *A.*2d 23 (1972); *Evid.R.* 5.

In proposing a new hearsay exception for use in child-sexual-abuse prosecutions, this Court recognized that in the absence of physical evidence of abuse, the victim's account of the assault is often the only available proof. *State v. D.R.*, *supra,* 109 *N.J.* at 358–59, 537 *A.*2d 667. We also noted that "a child victim's spontaneous out-of-court account of an act of sexual abuse may be highly credible because of its content and surrounding circumstances." *Id.* at 359, 537 *A.*2d 667. Moreover, we recognized that a child's out-of-court statements may be more reliable than in-court statements due to the lapse of time between the sexual assault and the trial and the potentially-intimidating courtroom atmosphere. *Id.* at 360, 537 *A.*2d 667.

The reasoning of *D.R.* applies to civil actions. Plaintiffs in civil actions, like the State in a criminal proceeding, must contend with the same problems of proof that hamper sexual-abuse prosecutions. When no physical evidence of abuse exists, a child's out-of-court account of a sexual assault may be the only available proof that the assault occurred. That is

especially so when the child is either incompetent to testify under *Evidence Rule* 17 or is unavailable at the time of trial.

Neither our decision in *D.R.* nor the subsequent legislative enactment of the proposed hearsay exception demonstrates an intention to prohibit application of *Evidence Rule* 63(33) to civil actions. As noted, the legislation proposed prior to our decision in *D.R.*, see A–642, 203rd Legis., 1st Sess. (1988), as well as the Committee's *Final Report*, have favored application of the exception in both civil and criminal actions. *See Final Report, supra,* Proposed *Evidence Rule* 804(b)(8), at 46.

The reasoning of the Committee and that of the Appellate Division in *M.P. v. Wee Care Day Nursery, supra,* 250 *N.J.Super.* 119, 593 *A.*2d 799, recommending application of the Rule in civil actions is compelling. Our holding in *State v. D.R., supra,* 109 *N.J.* 348, 537 *A.*2d 667, established that hearsay statements of child-sexual-abuse victims describing incidents of that abuse were sufficiently reliable to be admissible in criminal actions, subject to specific conditions. See *Evidence Rule* 63(33). To limit that exception to criminal actions ignores the reality that evidence rules ordinarily afford criminal defendants enhanced protections. To determine that evidence is reliable enough to be admitted in a criminal proceeding but to preclude admission of the same evidence in an action where money damages are sought would be highly unusual. *See Final Report, supra,* Proposed *Evidence Rule* 804(b)(8), at 46; *see also M.P. v. Wee Care Day Nursery, supra,* 250 *N.J.Super.* at 124, 593 *A.*2d at 802, ("[T]here is no objective apparent to us [that] might support the drafters' intention to prefer an interpretation of *Evid.R.* 63(33) [that] permits use of the tender years' statement only in criminal prosecutions, which ordinarily afford the greatest protection to defendants, while barring such use in civil cases to vindicate the same public interest.") (footnote omitted). Although the *Rules of Evidence* contain examples of rules expressly limited to either civil or criminal actions, see *Evidence Rule* 3, 8(3), 23, 63(5), 63(20), and 63(32), the distinction

consistently results in the greater admissibility of evidence in civil actions than in criminal.

We therefore interpret *Evidence Rule* 63(33) to apply to both civil and criminal actions. The lower courts in this case, however, were correct in declining to apply the exception because the *Evidence Rule* 8 hearing took place prior to the Rule's effective date. Because we expressly declined to enact the Rule by judicial decision in *State v. D.R., supra,* 109 *N.J.* at 375–76, 537 *A.*2d 483, to apply the exception to a trial that took place prior to the legislative enactment of *Evidence Rule* 63(33) would have been inappropriate. On remand, however, the trial court should consider the admissibility of the children's statements under *Evidence Rule* 63(33), determining whether the various criteria that are prerequisites to the admissibility of the statements have been met. We imply no view whatsoever on that issue.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.