POLANSKY, J.S.C.
*380 PROCEDURAL HISTORY
Under Indictment Number 2549-08-15, defendant E.R.[1] is charged with the following offenses: first-degree aggravated sexual assault in violation of N.J.S.A. 2C:14-2a(1) (Count One); second-degree sexual assault in violation of N.J.S.A. 2C:14-2b (Count Two); and second-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4a (Count Three).
The State has filed a motion seeking to admit the statements that the mother of the victim made to a physician pursuant to N.J.R.E. 803(c)(4). The two-year-old child did not make any statements to the physician. The issue before the court is whether statements made to a treating physician by someone other than the patient are admissible under the Rules of Evidence. There are no New Jersey cases that address this question. Therefore, this is an issue of first impression before the court.
STATEMENT OF FACTS
The State alleges that on April 24, 2015, A.C. picked up her two-year-old daughter, R.R., the alleged victim, pursuant to a custody agreement with R.R.'s father, defendant E.R. After she arrived home with R.R., A.C. gave her daughter a bath and later observed what she described as a green yellowish discharge on R.R.'s panties and took R.R. to the hospital.
R.R. was treated at the hospital and tested positive for gonorrhea. While being treated at Cooper Hospital, Dr. Stephanie Lanese of the N.J. C.A.R.E.S. Institute provided a consultation. Dr. Lanese prepared a report documenting her medical evaluation of R.R. and her recommendations for treatment. The doctor's report states, "prior to proceeding with the examination, I attempted to speak with [R.R.] with mom present, but she would not *381 talk to me." The patient, a two-year-old child, did not provide any statement to the physician.
The mother advised the physician that after picking up the child and bringing her home, she went to bathe the child. At that time, the child was not wearing panties. After bathing the child, the mother put panties on the child as she was dressing. Later when the child went to use the bathroom, the mother noticed a discharge on these panties. The mother reported that she had not seen the child for approximately three months prior to this visit.
Based upon her examination and evaluation, Dr. Lanese reported that gonorrhea is a sexually transmitted disease which is unlikely to be transferred through accidental or innocent means. The doctor further concluded that the normal incubation time for gonorrhea is between two and fourteen days, with a discharge presenting between three and seven days after the disease is contracted. Additionally, the history provided by the mother indicated that the mother did not have gonorrhea during her pregnancy or when the child was born. The doctor concluded that the child had *1227 contracted gonorrhea within a week or two of her visit to the hospital.
Based upon the report of this physician, detectives obtained consent to obtain body exemplars and urine samples from the five males residing at the defendant's residence. This is the residence where the child had been living. Defendant was the only resident who tested positive for gonorrhea. Subsequently during questioning by detectives, defendant admitted to contact between his penis and the child's vagina.
LEGAL ANALYSIS
A. New Jersey Standards for Admitting Statements Made for the Purpose of Medical Diagnosis and Treatment.
As an exception to the general rule that makes hearsay testimony inadmissible, N.J.R.E. 803(c)(4) permits the admission of statements *382 made for the purpose of medical diagnosis or treatment, and provides:
Statements made in good faith for purposes of medical diagnosis or treatment which describe medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof to the extent that the statements are reasonably pertinent to diagnosis or treatment.
The philosophy underlying this rule is the belief that the declarant has an interest in obtaining an accurate diagnosis and treatment that results in a medical recovery, rather than considering any legal recovery. In re C.A., 146 N.J. 71, 99, 679 A.2d 1153 (1996) (citing Biunno, Current N.J. Rules of Evidence, cmt. on N.J.R.E. 803(c)(4) (1994-95) ). This reliability is based upon the patient's belief that "the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides to the physician." R.S. v. Knighton, 125 N.J. 79, 87, 592 A.2d 1157 (1991) (citing McCormick on Evidence § 292 at 839 (3d ed. 1984) ). Thus, statements describing present or previous symptoms, pain, or sensations are admissible to prove the truth of those statements. Ibid. Under this rule, there is no requirement that the statement must be made to a physician. See Palmisano v. Pear, 306 N.J. Super. 395, 400, 703 A.2d 966 (App. Div. 1997). This rule does not cover statements made by the treating physician regarding treatment, but is limited to the patient's statements. See In re Commitment of G.G.N., 372 N.J. Super. 42, 57, 855 A.2d 569 (App. Div. 2004).
The motivation for the patient's statement to the physician is also relevant. For instance, when a patient consults a physician for the purposes of preparing for litigation, the statement is inadmissible under the rule. State in the Interest of C.A., 201 N.J. Super. 28, 33, 492 A.2d 683 (App. Div. 1985). The patient must believe that the statement will assist the doctor with diagnosis and treatment, necessitating honesty by the declarant, which adds to the reliability of these statements. Id. at 33-34, 492 A.2d 683.
Statements made for the purposes of medical diagnosis generally are admissible, but with limitation. New Jersey courts have held *383 that statements naming alleged perpetrators are inadmissible because that information is irrelevant to a medical diagnosis and treatment. See State v. Bowens, 219 N.J. Super. 290, 300, 530 A.2d 338 (App. Div. 1987). In Bowens, a doctor offered testimony that the victim named her father and cousin as parties who sexually assaulted her. Id. at 298, 530 A.2d 338. The court held that Rules of Evidence do not allow "testimony which is irrelevant to the treatment of the patient *1228 to be admitted simply because it is 'attached' to a statement which does pertain to treatment." Id. at 300, 530 A.2d 338. Further, "the remark about defendant's involvement could have been easily separated from the general tale of the assault," preventing the jury from hearing any inadmissible evidence. Ibid. See also State v. McBride, 213 N.J. Super. 255, 273, 517 A.2d 152 (App. Div. 1986) (holding that the portion of a hospital record that contained the identity of the alleged perpetrator should have been redacted).
B. Survey of Other Jurisdictions
While there are no relevant New Jersey cases, this issue has been addressed by courts in other jurisdictions. Generally, the "Federal Rules of Evidence have been the source of many, although not all, of our Rules of Evidence" in New Jersey. State v. Rinker, 446 N.J. Super. 347, 362, 141 A.3d 412 (App. Div. 2016) (citing State v. Harris, 209 N.J. 431, 442, 38 A.3d 559 (2012) (noting that the revisions to the New Jersey Rules of Evidence "adopted the numbering used in the Federal Rules of Evidence and followed those rules in many instances.") ). New Jersey courts consider federal precedent construing the analogous Federal Rules to be instructive. Rinker, 446 N.J. Super. at 362, 141 A.3d 412 (citing Parker v. Poole, 440 N.J. Super. 7, 19, 111 A.3d 101 (App. Div.), certif. denied, 223 N.J. 163, 121 A.3d 386 (2015) ). N.J.R.E. 803(c)(4) contains language similar to the Federal Rule.
Federal courts have not limited the application of F.R.E. 803(4) to statements made by patients. In United States v. Yazzie, the Ninth Circuit held that statements made by the mother of a young *384 patient were admissible under F.R.E. 803(4), the federal counterpart to N.J.R.E. 803(c)(4). 59 F.3d 807 (9th Cir. 1995). The statement in Yazzie was made by the young patient's mother in reference to alleged sexual abuse by the victim's stepfather. Id. at 813. The mother brought the patient to see the doctor because of suspected sexual abuse. Id. at 809. During the doctor's visit, the mother wrote a note and made statements to the doctor explaining the abuse witnessed and other conduct of the stepfather. Id. at 809-10. The Ninth Circuit held that this statement was admissible as a statement made for the purpose of medical diagnosis, because the abuse observed and reasons for the patient's denial were pertinent to the doctor's treatment. Id. at 813. The Ninth Circuit noted, "[t]he plain language of the Rule does not limit its application to patient-declarants." Ibid. (citing M. Graham, Federal Practice and Procedure: Evidence § 6755 at 296 (Interim Edition) ).
Several state courts have interpreted similar evidence rules, which are also modeled after the federal rules. In State v. Rucker, the Tennessee Court of Criminal Appeals held that statements made to a doctor by a child victim of sexual abuse by a family member were admissible under the exception for statements made for the purpose of medical diagnosis and treatment. 847 S.W.2d 512, 520 (Tenn. Crim. App. 1992). The court noted that statements made to a physician identifying the perpetrator ordinarily are inadmissible under this exception for statements made for the purpose of medical diagnosis and treatment. Id. at 518.
The court explained that Tennessee Rule of Evidence 803(4), which contains language similar to the Federal Rule and the New Jersey Rule, "does not bar the admission of a medical history related to a health care provider by a third person, particularly a parent or grandparent." Id. at 516 (citing McCormick on Evidence § 277 (4th ed. 1992) and Mendez v. United States, 732 F.Supp. 414 (S.D.N.Y. 1990) )
*1229 (citations omitted). The court emphasized two rationales for allowing the third party's statements. First, the court reasoned that the third party has a desire to obtain medical treatment for the patient. Rucker, 847 S.W.2d at 517. Second, the *385 third party is seeking to ensure that the diagnosis made and treatment provided by the health professional is accurate. Ibid.
The Supreme Court of North Dakota, analyzing a rule that contains similar language to the New Jersey and Federal Rules, held that statements made by third parties to health care professionals are admissible under this exception, "so long as the relationship between the person seeking treatment and this third party is sufficiently close to ensure the guaranty of trustworthiness inherent in the rule." State v. Grant, 776 N.W.2d 209, 215 (N.D. 2009) (citing United States v. Yazzie, 59 F.3d 807, 813 (9th Cir. 1995) ). The court reasoned that, because health care professionals frequently rely on the information provided by adults when treating young children, these statements are generally reliable. Ibid. See also Valmain v. State, 5 So.3d 1079, 1084 (Miss. 2009) (holding that statements made by the victim's mother to the treating nurse were admissible, because "parents have the same selfish treatment motivation when providing information about their child to a physician for diagnosis or treatment as they would if providing information for their own diagnosis") (internal quotations omitted); Sandoval v. State, 52 S.W.3d 851, 856-57 (Tex. App. 2001) (holding statements made by the patient's mother were admissible, finding that the mother's motive for making the statements was to obtain an accurate diagnosis and that the statement was relied upon by the doctor).
DECISION
Here, the State argues that Dr. Lanese's testimony should be admitted without limitation. The State asserts that Dr. Lanese's testimony concerning the patient history, the findings of her examination, the presenting symptoms, and the diagnosis should be admissible. The State argues that R.R.'s visit with the doctor was not conducted in preparation for litigation, but rather for the purpose of providing a diagnosis and treatment of R.R. Here, the doctor's visit occurred after the victim's mother became concerned for her daughter's health following a bath. The defense does not *386 dispute these assertions. The State contends that the information provided by the victim's mother, A.C., helped the doctor form a diagnosis and treatment plan for the child.
The court holds that the statements made by R.R.'s mother, A.C., to Dr. Lanese are admissible pursuant to N.J.R.E. 803(c)(4). Like its federal counterpart, N.J.R.E. 803(c)(4) does not contain language limiting its applicability to statements made by the patient. The underlying philosophy of hearsay exceptions is to admit statements that are made under circumstances that demonstrate reliability. The defense argument against admissibility would require the court to imply a limitation not contained in the clear and unambiguous language of N.J.R.E. 803(c)(4).
Here, the statements made by A.C. to the physician have a sufficient indicia of reliability. While the statements were not made by the patient herself, the statements were made by the patient's mother with the motive of obtaining an accurate diagnosis for the child. This relationship is sufficiently close to ensure the trustworthiness inherent in such statements. A.C. made the statements to the physician out of concern for her daughter's health, not out of a desire to obtain a favorable legal outcome. The nature of the relationship *1230 here, that of mother and daughter, supports the reliability of the statements. A parent seeking medical diagnosis and treatment for her child has a strong motive to provide truthful information so that an accurate diagnosis and needed medical treatment can be obtained.
Portions of any statements made by A.C. to the physician that identify the perpetrator who allegedly had sexual contact with the child must be redacted. Such testimony is expressly prohibited by New Jersey law. Therefore, it is the conclusion of the court that the statements made by A.C. to Dr. Lanese which assisted with diagnosis and treatment of the child are admissible. Any statements made by the mother identifying the alleged perpetrator or made by Dr. Lanese are excluded under this exception. Therefore, the State's motion to admit the statements by A.C. is hereby granted subject to the limitations set forth above.

Initials are utilized to protect the identity of the victim.